[No. B004671. Second Dist., Div. Five. Oct. 11, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Mazo, Crystal & Vidor and Paul M. Vidor for Defendant and Appellant.

Richard H. Philibosian, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—Surety Insurance Company of California (hereafter Surety) appeals from an order denying its motion to vacate a forfeiture of a surety bond and to have its bond exonerated. The primary concern is whether or not the superior court, by reason of its failure to declare an immediate forfeiture of the bail bond at a proceeding in which defendant Santoyo failed to appear, lost its jurisdiction to declare the forfeiture at a later date. We conclude that the court did lose its jurisdiction to declare the forfeiture.

The relevant facts are as follows: On March 27, 1981, an information was filed against defendant Jose Santoyo charging him with violating Penal Code section 211 (robbery). Defendant was arraigned and pled not guilty. Bail was set at $5,000. Thereafter, Surety secured defendant Santoyo's release by posting a bail bond in that amount. Upon posting of bond, defendant Santoyo was released from custody and was ordered to return to court on May 22, 1981.

On May 22, 1981, defendant Santoyo failed to appear in court. As a result, the following colloquy took place:

"THE COURT: 211, Nunez, 210 and 211, Santoyo.

"MR. COURTNEY: As regards Mr. Santoyo, Your Honor, perhaps the Court would inquire?

"THE COURT: Mr. Santoyo, Jose?

"MR. COURTNEY: I have been informed he made bail in this case on the 25th of April.

"THE COURT: He is either not coming or forgot. Bench warrant issued.

"MR. COURTNEY: If the Court would hold that, say, until Monday, I will endeavor to have him brought in.

"THE COURT: Tuesday, you mean?

"MR. COURTNEY: Tuesday.

"THE COURT: What is going to happen on the other case?

"MR. EASTMAN: We are going to accept a plea of guilty, I believe, your Honor.

"THE COURT: We will hold it to Tuesday."

The remainder of the proceeding concerned a codefendant. The minute order executed on that date indicates that "defendant fails to appear *without sufficient excuse.* B.W. [bench warrant] ordered issued and held until May 26, 1981." (Italics added.)

On May 26, 1981, the case was called again, yet defendant Santoyo again failed to appear. Counsel for defendant advised the court that "[he had] not

been able to contact him [defendant] since Friday." The bail bond was thereupon ordered to be forfeited. A notice of forfeiture was mailed to Surety and its bail agent on June 2, 1981.

Surety thereafter filed a notice of motion to vacate forfeiture and to have the bail bond posted in this case exonerated. After submitting affidavits of noncollusion, the matter was argued and submitted. Upon the denial of the motion to vacate the forfeiture, Surety initiated this appeal.

█ Surety's principal contention is that when the superior court failed to declare a forfeiture of the bail on May 22, 1981, the court thereafter lost its jurisdiction to declare the forfeiture at any later date. Surety relies exclusively on the cornerstone case of *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385].

In *United Bonding,* a defendant, released on bail, failed to appear on the date set for trial. Consequently, the trial judge issued a bench warrant. However, neither the minutes of the court nor any oral pronouncement of the judge reflected any bail forfeiture as a result of defendant's failure to appear. Three months later, the trial court ordered a forfeiture of the bail as defendant had still failed to appear. That same day, notice of forfeiture prescribed by Penal Code section 1305 was forwarded. United Bonding, acting as respondent's surety, sought a vacation of the bail forfeiture and an exoneration of the bail bond. █ The Supreme Court held that the applicable provisions of Penal Code section 1305 were jurisdictional, thus requiring the trial court to comply by ordering a bail forfeiture on the date defendant failed to appear "without sufficient excuse." Any subsequent order of bail forfeiture was thus precluded because, "[T]he law traditionally disfavors forfeitures and statutes imposing them are to be strictly construed. [Citation.]" (*People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d at p. 906.)

█ Respondent concedes that *United Bonding* does enunciate a precept totally supportive of Surety's position herein, yet it argues that *United Bonding* has no application to the case at bench. In turn, respondent insists that the trial court, by reason of its failure to declare forfeiture of the bail bond on May 22, 1981, did not lose its jurisdiction to declare the forfeiture on May 26, since the rule of *United Bonding* no longer represents the applicable law on the subject. Respondent relies upon a 1969 statutory amendment to Penal Code section 1305, whereby subdivision (b) was added. It suggests that subdivision (b) effectively operates to terminate the preexisting rule upon which the Supreme Court had relied in *United Bonding.*

Subdivision (b) of section 1305 reads as follows: "If, without sufficient excuse, the defendant neglects to appear for arraignment, trial, judgment,

or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, but the court has reason to believe that sufficient excuse may exist for his neglect to appear or surrender himself, the court may continue the case for such period as it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant.''

In *People* v. *Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256, 261 [125 Cal.Rptr. 529], the effect of section 1305, subdivision (b) was considered as it related to *United Bonding.* The court stated: ''By its terms, the amendment allows the court to continue the hearing without declaring a forfeiture if it 'has reason to believe that sufficient excuse *may* exist for his neglect to appear . . . .' It does *not* require the court to make an immediate determination as to whether sufficient excuse exists. This specific authorization to continue the hearing reflects a vital change from the pre-existing law which the Supreme Court interpreted in *United Bonding.* By conspicuously deleting from subdivision (b) the express provisions retained in subdivision (a) to the effect that 'the court shall direct the fact [of failure to appear] to be entered upon its minutes, . . .' the Legislature intended the very simple alternative of a reasonable continuance without any specific minute order. Since the court is thus specifically authorized by the amendment to postpone its decision, it certainly retains jurisdiction to declare a forfeiture at a later time.

''The only condition for the continuance under subdivision (b) is that the court have 'reason to believe that sufficient excuse may exist for [defendant's] neglect to appear or surrender himself.' The trial court had the duty to determine the existence or nonexistence of the condition; defense counsel's statement to the court was sufficient to support the implied finding that the condition existed [citation], and it is presumed that the court's duty was legally performed. [Citations.]'' (See also *People* v. *National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302, 305-306 [142 Cal.Rptr. 98].)

Undoubtedly, subdivision (b) provides for a retention of jurisdiction should the court have ''reason to believe that sufficient excuse may exist for his neglect to appear or surrender himself . . . .'' We thus look to the precise language spoken by counsel for defendant: ''If the Court would hold that [i.e., the bench warrant], say until [Tuesday], I will endeavor to have him brought in.''

Respondent argues that in allowing for a degree of imprecision in phraseology (*People* v. *Ali* (1967) 66 Cal.2d 277, 280 [57 Cal.Rptr. 348, 424 P.2d 932]), which we do, the words of defendant's attorney, ''I will endeavor to have him brought in,'' can reasonably be construed to refer to a

voluntary appearance as well as to an involuntary one.[1] Thus, defense counsel's words clearly pertain to a *contemplated voluntary* appearance on May 26, thereby giving rise to the existence of possible "sufficient excuse for the May 22 nonappearance."

Respondent relies heavily upon the case of *People* v. *National Automobile & Cas. Ins. Co., supra,* 75 Cal.App.3d 302, 306 in support of such an inference. In *National Automobile,* the surety filed a $5,000 bail bond on behalf of defendant who thereafter failed to appear at a hearing. Defendant's counsel advised the court that the clerk of the court had been informed by defendant's mother that the defendant had been in an automobile accident. Defense counsel then requested that a bench warrant be issued and held. The court complied and issued an order which stated that "Defendant fails to appear and *may have sufficient excuse.*" (*Id.,* at p. 304; italics added.) Defendant then appeared and the previously issued warrant was ordered quashed.

At the next hearing, defendant failed to appear. Counsel indicated that defendant was scheduled for probation and sentencing and that he did report to the probation department. Additionally, the probation officer requested the matter be continued. The matter was thereafter continued, and a warrant issued and held, based in part on counsel's representations and the previous facts. The minute order reiterated that defendant "may have sufficient excuse." (*Ibid.*) Defendant again failed to appear and the bail bond was ordered to be forfeited. A motion to vacate forfeiture and exonerate bond was denied.

On appeal, this court concluded it was not unreasonable for the trial court to believe that defense counsel was representing that his client would have been present unless he had an excuse. According to the minutes, we concluded that the trial court made a reasonable determination that a sufficient excuse may have existed. Specifically, there were several items on the record upon which we found the trial court's decision could be predicated, i.e., counsel's request that the warrant be held when taken in conjunction with the representations that defendant was in an automobile accident one time and had initially reported to the probation department the next time, and that defendant's *other* family members were untrustworthy. "Clearly, by asking that the warrant be held, as he did earlier *when an excuse was offered,* defendant's attorney was requesting a judicial determination that sufficient excuse existed for his client's absence." (*Id.,* at p. 306; italics added.)

---

[1] Defendant could have been "surrendered involuntarily" by "the bail or the depositor" (Pen. Code, § 1300, subd. (a)), or by an arrest pursuant to a bench warrant.

Unlike the circumstances in *National Automobile,* counsel in the present action neither suggested nor provided the court with an excuse in conjunction with his request for a stay of the warrant. Counsel merely stated that "If the Court would hold [the warrant] . . . I will endeavor to have him brought in." Such is not an explicit or implicit excuse from which a court could reasonably believe that defendant was absent with an excuse. It is merely counsel's desire to bring defendant into court. In another respect, the two cases are dissimilar simply because the minute order here unequivocably states that "defendant fails to appear *without sufficient excuse.*" (Italics added.) In *National Automobile,* such was not the case. Finally, even the court stated that defendant was either not coming or forgot.

The absence of any statements or actions by defendant or his counsel, from which it could be implied that defendant had justification for his absence, compels the conclusion that the trial court did not have reason to believe that sufficient excuse may have existed for defendant's failure to appear or surrender himself. Accordingly, the trial court did not retain jurisdiction to declare a forfeiture.

The order of denial of Surety's motion to vacate forfeiture and exonerate bond is reversed. Appellant to recover costs.

Ashby, J., and Hastings, J., concurred.