[No. B178992. Second Dist., Div. One. Dec. 28, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
HARCO NATIONAL INSURANCE COMPANY, Defendant and Appellant.

932

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Raymond G. Fortner, Jr., County Counsel, and Syna N. Dennis, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**ROTHSCHILD, J.**—Harco National Insurance Company appeals from an order denying its motion to set aside a summary judgment forfeiting bail issued when Francisco Gonzalez, a criminal defendant for whom Harco issued a bail bond, failed to appear at his arraignment. (Pen. Code, §§ 1305–1308; all further section references are to the Penal Code.) Harco

contends that the trial court erred in forfeiting the bond and denying its motion. We agree, reverse the order and the underlying judgment, and remand for the court to grant the motion, vacate the forfeiture, and exonerate the bond.[1]

## FACTS

Harco issued a $30,000 bail bond guaranteeing Gonzalez's appearance at his September 26, 2003 initial arraignment. On September 26, a Friday, neither Gonzalez nor his attorney, Edward Pacheco, appeared. The trial court stated: "Apparently, Mr. Pacheco has contacted the court and . . . indicated that he cannot appear today and requested that any bench warrant issued be held. [¶] . . . [¶] The bench warrant is issued and held until this coming Monday, September the 29th, pursuant to counsel's request."

Pacheco, but not Gonzalez, appeared on September 29. Pacheco said he could not find Gonzalez. This colloquy followed: "The Court: Did he post a $30,000 bond? Did he ever check in? If I am not mistaken, he was supposed to be here on 9/26. [¶] Someone appeared for you; isn't that true? [¶] Mr. Pacheco: Yeah, I think somebody stood in and trailed it until today. [¶] The Court: So I had a bench warrant held until today. [¶] Mr. Pacheco: I am still in that trial, and . . . [m]y office is moving, so everything was out of the office. We had no phone service or anything for the weekend. [¶] The Court: That still doesn't explain Mr. Gonzalez's failure-to-appear—not only on 9/26, but here we are, 9/29. [¶] Mr. Pacheco: Let me make a call. I will be right back. [¶] The Court: All right, but I am not intending to hold the warrant again."

After a brief recess, the court recalled the case and, speaking to Pacheco, stated: "As I indicated earlier, [Gonzalez] was not here on Friday. Somebody representing you because you were in trial asked if I would hold the warrant to see if they could get him in here today. I said I would. [¶] He is not here. You have had no contact with him. So, at this time, I will forfeit his bond and issue a bench warrant for his arrest."

After the county notified Harco of the forfeiture and waited the required statutory period, the county obtained a summary judgment forfeiting the

---

[1] An order denying a motion to set aside a bail forfeiture is appealable. (§ 1308.) Moreover, a summary judgment forfeiting bail is appealable when, as Harco contends, " 'the judgment was not entered in accordance with the consent given in the undertaking.' [Citations.]" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 664 [16 Cal.Rptr.3d 76, 93 P.3d 1020].)

bond. Harco moved to set aside the summary judgment, discharge the forfeiture, and exonerate the bond, arguing that the court lost jurisdiction to forfeit the bond when it failed to do so on September 26, 2003. The trial court denied the motion.

## DISCUSSION

Harco contends that the trial court erred in forfeiting bail on September 29, and in denying the motion to set aside the forfeiture, because the court's failure to forfeit bail on September 26, when Gonzalez failed to appear without sufficient excuse, deprived it of jurisdiction to do so later. In response, the county argues that sufficient evidence supports the conclusion that the court reasonably believed on September 26 that a sufficient excuse existed for Gonzalez's failure to appear. Harco's contention has merit.

■ Sections 1305 to 1308, which govern forfeiture of bail bonds, must be strictly construed because of the traditional abhorrence of forfeitures. (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385]; *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 950–951 [134 Cal.Rptr.2d 199].) Section 1305, subdivision (a) requires that the court "shall in open court declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear for" arraignment. "[A] forfeiture of a bail bond, where required, must be timely declared." (*People v. United Bonding Ins. Co., supra,* 5 Cal.3d at p. 906.)

Section 1305.1, however, creates an exception to section 1305, subdivision (a)(1): " 'If the defendant fails to appear for arraignment . . . *but the court has reason to believe that sufficient excuse may exist for the failure to appear,* the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant. [¶] If, after the court has made the order, the defendant, without sufficient excuse, fails to appear on or before the continuance date set by the court, the bail shall be forfeited and a warrant for the defendant's arrest may be ordered issued.' " (*People v. Ranger Ins. Co., supra,* 108 Cal.App.4th at p. 951, italics added.)

■ "Because each case presents its own unique set of circumstances the issue whether the showing of excuse is sufficient is decided on a case-by-case basis. The determination whether an excuse is sufficient is a matter within the trial court's discretion." (*People v. Ranger Ins. Co., supra,* 108 Cal.App.4th at p. 952, fns. omitted; see *People v. United Bonding Ins. Co., supra,* 5 Cal.3d at pp. 906–907.) A failure to appear is presumed to be without excuse and the burden to prove otherwise is on the party seeking to enforce a later forfeiture. (*People v. United Bonding Ins. Co., supra,* 5 Cal.3d at p. 907.)

In *Ranger Ins. Co., supra,* 108 Cal.App.4th at page 949, a defendant who previously had made every appearance failed to appear. His attorney asked to trail the case and issue and hold a bench warrant so he could continue to try and contact the defendant. The trial court agreed because the defendant " 'hasn't missed in the past. There is no reason to think otherwise yet.' " When the defendant failed to appear at the next hearing, the trial court issued the warrant and forfeited bail, and later denied the surety's motion to vacate the forfeiture. Division Seven of our district affirmed, holding the trial court's finding of good cause was sufficiently supported by the record. (*Id.* at p. 953.)

In contrast, Division Five of our District reversed a bail forfeiture order where the defendant failed to appear at the first hearing after posting bond. The trial court stated the defendant " 'either [was] not coming or forgot.' " The trial court then agreed to hold the warrant for a few days so his attorney " 'could endeavor to have him brought in.' " (See *People v. Surety Ins. Co.* (1984) 160 Cal.App.3d 963, 965 [206 Cal.Rptr. 836].) Division Five held this record insufficiently supported a finding that the defendant's failure to appear was with sufficient excuse. (*Id.* at p. 969.)

Applying these principles to our facts, we agree with Harco that insufficient evidence supports the trial court's implied finding on September 26 that Gonzalez's failure to appear was sufficiently excused to justify not forfeiting bail on that date. As in *People v. Surety Ins. Co., supra,* 160 Cal.App.3d 963, Gonzalez's counsel requested the court to hold the warrant so he could attempt to get his client to court on a later date. We do not agree with the county's argument that considering all of the facts known to the trial court on September 26, that court rationally could have concluded that Gonzalez did not come to court that day because he was "likely told" his attorney could not appear. Indeed, the trial court itself apparently understood that Gonzalez's failure to appear on September 26 was because counsel had lost contact with him rather than because counsel had told his client not to appear. As the court explained to counsel on September 29, the case was continued on September 26 "because you were in trial [and] asked if I would hold the warrant to see if they could get [Gonzalez] in here today [September 29th]." Thus, unlike in *People v. Ranger Ins. Co., supra,* 108 Cal.App.4th 945, upon which the county relies, Gonzalez had no prior history of consistent appearances implying that his absence on September 26 was sufficiently excused. In fact, September 26 was his first appearance.

■ Because insufficient evidence supports the finding of sufficient excuse for Gonzalez's failure to appear on September 26, the trial court erred in (1) forfeiting bail on September 29, (2) entering summary judgment forfeiting Harco's bond, and (3) denying the motion to set aside the judgment.

## DISPOSITION

The summary judgment forfeiting Harco's bond and the order denying the motion to set aside that judgment are reversed. The case is remanded for the trial court to enter orders granting the motion, vacating the forfeiture, and exonerating the bond. Harco is awarded its costs on appeal.

Spencer, P. J., and Vogel, J., concurred.