Filed 5/21/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>      Plaintiff and Respondent,<br>v.<br><br>BANKERS INSURANCE COMPANY,<br>      Defendant and Appellant. | A173364<br><br>(San Mateo County<br>Super. Ct. No. 23SF002179A) |

Bankers Insurance Company (Bankers) underwrote a bond to secure a defendant's release from custody. Twice, he failed to appear at proceedings; after the second time, the trial court declared the bond forfeited. The court denied Bankers's motion to set aside the judgment of forfeiture. On appeal, Bankers argues the court lost jurisdiction over the bond by failing to declare it forfeited after the first nonappearance. (Pen. Code, § 1305, subd. (a); undesignated statutory references are to this code.) We disagree and affirm.

**BACKGROUND**

Cristian Omar Cruzpartida was charged with various felonies. In February 2023, Bankers — via its agent All-Pro Bail Bonds — underwrote a $100,000 bond to secure his release from custody and attendance in court. He failed to appear at a pretrial conference on April 22, 2024.[1] His counsel asked the trial court if he could approach "with regards to" the failure to appear and indicated "there is a reason" for the nonappearance. The court

_____
[1] Subsequent dates refer to 2024 unless otherwise indicated.

1

and defense counsel had an off-the-record discussion. Once back on the record, the court said, "This is a failure to appear by the defendant," and counsel responded, "Yes, Your Honor, for the reasons that I stated at the bench." The court then said, "Based upon the information given at the bench, I'm going to take a warrant under submission and not forfeit the bond today." The court continued the pretrial conference for two weeks, and counsel said, "The information I have is that . . . he will be available soon." There was no objection to the continuance or the decision not to forfeit the bond, nor was there a request for the reasons to be placed on the record. Cruzpartida failed to appear at the next pretrial conference, and the court declared the bond forfeited.

Bankers made repeated but halting efforts to undo the forfeiture: (1) In July, it moved to vacate the forfeiture and exonerate the bond, citing section 1305, subdivision (d) and arguing Cruzpartida was permanently unable to appear in court because he had been deported. A hearing was set for August 26. (2) On August 26, Bankers again moved to vacate the forfeiture on the same grounds. The People argued Bankers had failed to establish Cruzpartida had been deported and, on October 24, the trial court denied the motion. (3) A week later, Bankers moved for reconsideration, which the court denied on December 16.[2] (4) A week later, Bankers moved for reconsideration of the court's denial of the first motion for reconsideration. Bankers failed to appear at the January 2025 hearing, and the court denied the motion. Days later, the court entered judgment on the forfeiture. (5) In

---

[2] Bankers submitted a United States Department of Homeland Security (DHS) Notice of Intent to Issue a Final Administrative Removal Order, dated April 17, and an Immigration and Customs Enforcement (ICE) notice, dated April 24, warning Cruzpartida that he was prohibited from entering, attempting to enter, or being present in the United States.

February 2025, Bankers moved to set aside the judgment. For the first time — and seven months after it had initially tried to vacate the forfeiture — Bankers invoked section 1305, subdivision (a) and argued the court lost jurisdiction over the bond by failing to declare it forfeited after the first nonappearance in April. Again, Bankers failed to appear at the hearing — the second time it failed to appear at a hearing on one of its motions — and the court denied it.

## DISCUSSION

Bankers argues the trial court lost jurisdiction over the bond by failing to declare it forfeited after Cruzpartida's nonappearance in April. Thus, it reasons, the court had no jurisdiction to declare the bond forfeited after the second nonappearance. Bankers allows that section 1305.1 permits a court to grant a continuance without ordering a forfeiture if it "has reason to believe that sufficient excuse may exist for the failure to appear," but Bankers contends that application of the provision is unsupported by the record. We disagree.

" 'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.' " (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709.) Bail bonds are contracts "between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond." (*People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 22.) If a defendant fails to appear, " 'the surety becomes the absolute debtor of the state for the amount of the bond.' " (*People v. Amwest Surety Ins. Co.* (1991) 229 Cal.App.3d 351, 356.) Sections 1305 and 1306 — which concern bond forfeiture — are strictly construed to avoid forfeiture, which is traditionally disfavored. (*People v. American Contractors Indemnity Co.*

3

(2001) 91 Cal.App.4th 799, 805.)  Nevertheless, a court must declare the bond forfeited if a defendant fails, without sufficient excuse, to make a lawfully required appearance in court.  (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658; § 1305, subd. (a)(1)(A)–(E).)  If the court does not do so, "it is without jurisdiction to do so later."  (*Safety National Casualty Corp.*, at p. 710.)

Section 1305.1 allows a trial court to continue a case without forfeiting the bond if it "has reason to believe that sufficient excuse may exist for the failure to appear."  A failure to appear without explanation is presumed to be without sufficient excuse.  (*People v. North River Ins. Co.* (2019) 37 Cal.App.5th 784, 796.)  Hence, "to retain jurisdiction over the bond in the face of a defendant's nonappearance, the trial court must have ' " 'some rational basis' " ' to believe that sufficient excuse exists."  (*Ibid.*)  "What constitutes a sufficient excuse generally rests within the sound discretion of the trial judge."  (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906–907, 903, fn. 4.)  "We review a trial court's finding of sufficient excuse for abuse of discretion." (*People v. Bankers Ins. Co.* (2021) 69 Cal.App.5th 473, 479.)[3]  And we presume its order is correct, indulging all reasonable inferences to support it.  (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)

Many of the cases concerning whether a trial court permissibly continued a case without forfeiting the bond fall into two categories.  In the first, the record contains a reason for the absence and indicates the trial court found it sufficient.  For example, in *People v. Ranger Ins. Co.*, *supra*,

---

[3] Relying primarily on *People v. American Bankers Ins. Co.* (1992) 4 Cal.App.4th 348, Bankers urges us to review the issue de novo because there are no factual disputes here.  Its reliance is misplaced.  That case addressed an issue of statutory interpretation, for which independent review is appropriate.  (*Id.* at pp. 350–351.)  No such issue exists here.

4

31 Cal.App.4th at page 17, counsel explained the defendant's mother was terminally ill, and the court continued the matter without forfeiting the bond. The Court of Appeal held the court did not abuse its discretion by finding a sufficient excuse existed for the failure to appear. (*Id.* at p. 20; e.g., *People v. Surety Ins. Co.* (1976) 55 Cal.App.3d 197, 199, 201 [sufficient excuse when counsel said defendant was seeking "medical treatment due to severe internal bleeding"].) Even more speculative and less concrete reasons have been found to suffice. (*People v. Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256, 258 [counsel told court defendant " 'might be in the San Francisco area' " due to another pending action].)

In a second category, no reason was conveyed to the trial court for the failure to appear, and the court continued the matter without indicating it had found a sufficient excuse. For example, in *People v. North River Ins. Co.*, *supra*, 37 Cal.App.5th at page 789, defense counsel noted her client was not present and — without explaining why — asked that his appearance be excused. In response, the court continued the matter, and the judge's notes — attached as an exhibit to the prosecution's opposition to the motion to vacate forfeiture — indicated " '[W]aived Δ.' " (*Ibid.* & fn. 2.) The Court of Appeal concluded the court lost jurisdiction to later forfeit the bond because no reason was given for the failure to appear, and the court did not address counsel's request that the nonappearance be excused. (*Id.* at p. 798.) In *People v. Surety Ins. Co.* (1984) 160 Cal.App.3d 963, 965, 969, faced with a similarly deficient record, the Court of Appeal explained that the "absence of any statements or actions by defendant or his counsel, from which it could be implied that defendant had justification for his absence, compels the conclusion that the trial court did not have reason to believe that sufficient excuse may have existed" for the nonappearance. (Accord, *People v. American*

*Surety Co.* (2025) 112 Cal.App.5th 71, 74, 76 [jurisdiction lost when counsel offered no reason for the nonappearance, and the court continued the bond without finding sufficient excuse].)

Other cases exist between these two categories. For example, in *People v. Bankers Ins. Co., supra*, 69 Cal.App.5th at page 476, the defendant failed to appear at a pretrial hearing, and no one provided a reason why. But the trial court observed it was " 'not likely to waste your family and friends' money and then [fail to appear]' " on the charge the defendant was facing, and it continued the matter without forfeiting the bond. (*Id.* at p. 477.) The Court of Appeal concluded the record supported the court's finding that a "sufficient excuse may exist" for the failure to appear. (*Id.* at p. 481.) Similarly, in *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 948–949, the defendant failed to appear at the date set for trial. While defense counsel did not indicate why, he noted his client had not previously failed to appear, he tried calling every number he knew, and he expressed concern " 'something has happened.' " (*Ibid.*) The court continued the matter without forfeiting the bond, explaining that the " 'good cause [was] he hasn't missed in the past.' " (*Id.* at p. 949.) The Court of Appeal concluded this was sufficient. (*Id.* at p. 953; e.g., *People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 918 [sufficient excuse where counsel speculated " 'there may be an emergency [defendant] attended to' " and " 'he may be available tomorrow morning' "].)

That brings us to the facts at hand. Bankers contends that this case is like the second category of cases, that is, where no reason was given for the failure to appear. We disagree. Here, counsel acknowledged his client was not present, but he explained "there is a reason" and asked to approach the bench. The trial court allowed counsel to approach, and he conveyed the

6

reason during an off-the-record discussion.  Back on the record, the court said that, based on "the information given at the bench," it was taking the "warrant under submission" and not going to "forfeit the bond."  Counsel also said his client would "be available soon."  Thus, unlike the second category of cases, counsel affirmatively indicated there was a reason for his client's absence, he conveyed the reason to the court, and the court found it sufficient.  (Compare with *People v. American Surety Co.*, *supra*, 112 Cal.App.5th at p. 76 [no reason given and no finding of sufficient excuse]; *People v. Surety Ins. Co.*, *supra*, 160 Cal.App.3d at p. 965 [same]; *People v. North River Ins. Co.*, *supra*, 37 Cal.App.5th at p. 798 [same].)[4]

*People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889 is instructive.  In that case, the defendant failed to appear at a probation and sentencing hearing and — despite the record containing no reason for the failure to appear — the trial court did not forfeit the bond.  (*Id.* at p. 892.)  When the court later forfeited the bond, the surety moved to vacate forfeiture and exonerate the bond.  (*Ibid.*)  In its opposition, the prosecution submitted a declaration from the deputy who had attended the proceedings where the defendant had first failed to appear.  (*Ibid.*)  The deputy indicated there had been an off-the-record discussion during which the court was told the defendant had been acting as a confidential informant and may have been unaware of the court date or confused about the need to appear.  (*Id.* at pp. 892–893.)  Although the Court of Appeal concluded the court had lost jurisdiction to later forfeit the bond, it focused on the court's failure to "merely state, either on the record or in the minutes, that as a result of an in camera conference, it had reason to believe that sufficient excuse existed for

---

[4] The cases cited by Bankers all involve situations where defense counsel did not convey a reason for the failure to appear and the trial court did not find a sufficient excuse.

[the defendant's] failure to appear." (*Id.* at p. 896.) Those are our facts. Although the record does not contain what counsel told the court, the court indicated on the record that, as a result of the off-the-record discussion, it had reason to believe sufficient excuse existed for Cruzpartida's failure to appear.

Finally, although unnecessary to our conclusion, we can reasonably infer from the record that Cruzpartida's absence from the April 22 pretrial conference related to his immigration issues. The record contains an April 17 DHS notice of intent to issue a final removal order, an April 24 ICE notice, and another ICE document that appears to bear Cruzpartida's signature and a date of April 26. Given the closeness in time to the hearing and counsel's desire to speak off-the-record with the trial court, it is reasonable to infer Cruzpartida's failure to appear related to his ongoing immigration issues. (*People v. Amwest Surety Ins. Co.*, *supra*, 56 Cal.App.4th at p. 923 [" 'must be "some rational basis" ' " to believe " 'sufficient excuse may exist' "].) Presumably, that is why Bankers's first four motions focused on the possibility that he had been deported rather than on there being no sufficient excuse for his failure to appear.

In sum, might the outcome on appeal have been more straightforward had counsel and trial court put the reason for Cruzpartida's nonappearance on the record? Undoubtedly. Do we conclude the trial court abused its discretion by finding a sufficient excuse without placing the details on the record? No.

## DISPOSITION

The judgment is affirmed. The People are entitled to recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

_____
RODRÍGUEZ, J.

WE CONCUR:

_____
FUJISAKI, Acting P. J.

_____
PETROU, J.

A173364; *People v. Bankers Ins. Co.*

Trial Court: San Mateo County Superior Court

Trial Judge: Hon. Kevin E. Dunleavy

Counsel:

Law Office of John Mark Rorabaugh and John Mark Rorabaugh for Defendant and Appellant.

John D. Nibbelin, County Counsel and Joseph F. Charles, Deputy County Counsel for Plaintiff and Respondent.