Filed 7/28/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LEXINGTON NATIONAL INSURANCE CORPORATION, <br><br> Defendant and Appellant. | H041573 <br><br><br> (Santa Clara County <br> Super. Ct. No. B1368077) |

Lexington National Insurance Company (Lexington) appeals a judgment entered following the trial court's denial of its request for relief from bail forfeiture. On appeal, Lexington argues that the court lacked jurisdiction to declare the bail forfeited, because the defendant in the case, Natalie Duffy, was not required to attend the hearing at which she failed to appear.

## STATEMENT OF THE CASE

Duffy was charged with misdemeanor child endangerment (Pen. Code, § 273a, subd. (b)), and resisting arrest (Pen. Code, § 148, subd. (a)(1)). On August 23, 2013, Lexington posted a $50,000 bail bond for Duffy's release from custody. Duffy appeared in court on August 29, 2013, at which time the court set a pre-trial hearing for October 1, 2013. The court ordered Duffy to appear at the next hearing as follows:

"The Court: Number 8, Natalie Duffy. Yes.

"Mr. Cummins: She's present. Tom Cummins with the public defender's office on her behalf. Your Honor, in this case we are requesting to waive time and continue it four or six weeks for investigation.

"The Court: All right. You have a right, Ms. Duffy, to a trial within 45 days from when you were arraigned last week. Do you understand and give this right up?

"The Defendant: Yes.

"The Court: Yes. Looks like the case was sent here because of the time not waived posture.

"Mr. Cummins: We can put it back in 87, your Honor.

"The Court: I will put it back to 87. And how about the 1st of October?

"Mr. Cummins: Yes, your Honor.

"The Court: You are ordered to go back to Department 87 up on the second floor, Ms. Duffy, October 1st, 9:00 a.m. for your pretrial. Thank you."

Defendant failed to appear at the hearing on October 1, 2013. The following exchange occurred at the October 1, 2013 hearing:

"The Court: All right. Line 3 is People versus Duffy.

"Mr. Cummins: Your Honor, she is not present. [¶] Tom Cummins of the Public Defender's Office on her behalf.

"I have no information for Ms. Duffy."

The court ordered Duffy's $50,000 bail forfeited. Lexington brought a motion to vacate forfeiture and reinstate the bond pursuant to Penal Code section 1305. The court denied the motion, and entered judgment against Lexington.

## DISCUSSION

Lexington asserts that the trial court lacked jurisdiction to forfeit bail, because Duffy was not required to appear at the pre-trial hearing at which the court ordered bail forfeited.

2

The purpose of bail and its forfeiture is to ensure a criminal defendant's appearance in court and adherence to court orders. (*People v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 151.) A bail bond is a contract between the court and a surety whereby the surety promises that a defendant released from custody will appear in court when ordered. If the defendant fails to appear, the surety becomes a debtor for the bond amount. (*Ibid.*) Bail is forfeited when a defendant fails to appear as ordered before judgment is pronounced. (Pen. Code, § 1305, subd. (a).)

"While it is true that the law disfavors forfeitures, including forfeitures of bail under the bail provisions of the Penal Code, it is the burden of the surety to show that a forfeiture of its bail should be set aside. [Citation.]" (*People v. American Surety Ins. Co.* (2001) 88 Cal.App.4th 762, 768.) An order denying a motion to set aside a bail forfeiture is reviewed under the abuse of discretion standard. (*People v. Legion Ins. Co.* (2002) 102 Cal.App.4th 1192, 1195.) Under this standard, the trial court's decision will be affirmed on appeal unless it " ' "exceeds the bounds of reason, all circumstances being considered. [Citation.]" ' [Citation.]" (*People v. Ranger Ins. Co.* (2000) 81 Cal.App.4th 676, 679-680, quoting *People v. Froehlig* (1991) 1 Cal.App.4th 260, 265.)

"The statutory scheme governing bail forfeitures is found in Penal Code section 1305 et seq. These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction. [Citation.]" (*People v. Aegis Security Ins. Co.* (2005) 130 Cal.App.4th 1071, 1074, fn. omitted.)

The trial court must declare bail forfeited if, without sufficient excuse, a defendant fails to appear at arraignment, trial, judgment, or "[a]ny other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required." (Pen. Code, § 1305, subd. (a)(4).) In addition, Penal Code section 977, subdivision (a)(1) provides: "In all cases in which the accused is charged with a misdemeanor only, he or she may appear by counsel only, except as provided in paragraphs (2) and (3). If the

3

accused agrees, the initial court appearance, arraignment, and plea may be by video, as provided by subdivision (c)."

Lexington argues that because Duffy was charged with a misdemeanor in this case, she was not lawfully required to appear in court for the pre-trial conference and was entitled to have counsel appear for her under Penal Code section 977, subdivision (a)(1). Lexington contends that because Duffy's counsel appeared for the pre-trial conference, the court should not have ordered bail forfeited.

Our Supreme Court recently published its decision in *People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703 (*Safety National*), and we are satisfied it controls here. In *Safety National,* the defendant was released on bond and appeared at several hearings. At his arraignment hearing, the trial court entered the defendant's plea of not guilty, and also set a pretrial conference date. The defendant appeared at the pretrial conference, where the parties " 'agreed to put the case over' " to a new date, and the trial court stated " 'bail will stand.' " When the defendant did not appear at the agreed upon date, the court ordered bail forfeited. (*Id*. at p. 708.) The *Safety National* court, after noting that the defendant had received notice of the pretrial hearing and failed to appear without sufficient excuse, concluded "[The defendant's] absence at this scheduled pretrial hearing constituted a basis on which to forfeit bail under [Penal Code] section 1305." (*Id*. at p. 717.)

Lexington argues that *Safety National* is inapplicable to the present case, because there, the court only addressed Penal Code section 977, subdivision (b)(1), and whether an order that a *felony* defendant personally appear means that "defendant's presence in court is lawfully required," for the purpose of bail forfeiture. (Pen. Code, § 1305, subd. (a)(4).) Lexington asserts that the rationale in *Safety National* should not apply here, where Duffy was charged with a *misdemeanor*. According to Lexington, since Penal Code section 977, subdivision (a)(1) provides that a defendant may have her

4

attorney appear for her, the court's order requiring Duffy to personally appear in court was not binding, and her failure to appear could not be the basis to forfeit bail under Penal Code section 1305, subdivision (a)(4). By Lexington's logic, at least for the purpose of bail forfeiture, a court is powerless to order a misdemeanor defendant to personally appear in court.

While *Safety National* involved a defendant charged with a felony, the court's rationale that a defendant is lawfully required to appear when specifically ordered to do so is equally applicable to a misdemeanor case. We hold that when a court orders a defendant charged with *either* a felony or a misdemeanor to personally appear in court, his or her "presence in court is lawfully required," within the meaning of Penal Code section 1305, subdivision (b)(4), and a court may order bail forfeited if that defendant fails to appear.

Here, the court specifically ordered Duffy to appear at the October 1, 2013 pre-trial conference by stating: "You are ordered to go back to Department 87 up on the second floor, Ms. Duffy, October 1st, 9:00 a.m. for your pretrial. Thank you." As a result, Duffy was " 'lawfully required' " to appear at the pre-trial conference, and when she failed to do so, the court properly ordered bail forfeited. (*Safety National, supra*, 62 Cal.4th at 717; § 1305, subd. (a)(4).)

Here, as in *Safety National,* Duffy was commanded to appear for a pretrial conference, and failed to personally appear without sufficient excuse. Accordingly, under *Safety National,* Duffy's nonappearance provided an adequate basis for the court's order forfeiting the bond.

## DISPOSITION

The judgment is affirmed.

5

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

GROVER, J.

*People v. Lexington National Insurance Corporation*
**H041573**

Trial Court:                                      Santa Clara County
                                                  Superior Court No.:  B1367077


Trial Judge:                                      The Honorable Robert M. Foley


Attorney for Defendant and Appellant             Robert M. Rorabaugh
Lexington National Insurance
Corporation:                          :          Robert T. White




Attorneys for Plaintiff and Respondent           Orry P. Korb,
The People:                                       County Counsel

                                                  Sara J. Ponzio,
                                                  Deputy County Counsel

*People v. Lexington National Insurance Corporation*
**H041573**