Filed 3/21/23  P. v. Allegheny Casualty CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALLEGHENY CASUALTY CO.,<br><br>    Defendant and Appellant. | D080913<br><br><br>(Super. Ct. No. CVPS2104804) |

APPEAL from an order of the Superior Court of Riverside, Burke E. Strunsky, Judge.  Affirmed.

Law Office of John Rorabaugh and John Mark Rorabaugh for Defendant and Appellant.

Kelly A. Moran and Eric L. Stopher, Deputy County Counsel, for Plaintiff and Respondent.

I

INTRODUCTION

Allegheny Casualty Co. (Allegheny) is a surety that posted a bail bond for the release of a criminal defendant from custody.  When the defendant

failed to appear for his preliminary hearing, the trial court ordered the bail bond forfeited. Thereafter, Allegheny moved to vacate forfeiture of the bail bond and exonerate bail on grounds that the court lacked jurisdiction to order the forfeiture. According to Allegheny, the court did not have jurisdiction to declare the bail bond forfeited because the defendant had missed an earlier legally-required court appearance, without a sufficient excuse, and the court did not order forfeiture at that time. We affirm the order denying Allegheny's motion.

## II

## BACKGROUND

On December 4, 2019, Allegheny posted a $50,000 bail bond for the release from custody of criminal defendant Christopher Michael Hoffman, who was charged with felony offenses including willful infliction of corporal injury (Pen. Code, § 273.5, subd. (a)),[1] and assault with a deadly weapon (§ 245, subd. (a)(1)).

Hoffman appeared personally at his arraignment on February 11, 2020, and pleaded not guilty to the charged offenses.[2] At the arraignment, the trial court set a felony settlement conference for March 25.

The court continued the matter multiple times based on a general court order issued in response to the emerging COVID-19 pandemic. The court ultimately set the felony settlement conference for June 11, and ordered Hoffman "to be present."

On May 28, the court accepted and filed a waiver executed by Hoffman pursuant to section 977, which waived his right to be present at hearings and

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Further date references are to dates occurring in the year 2020.

2

other proceedings in the case. That same day, a stipulated request to continue the felony settlement conference was filed. In a May 28 minute order, the court continued the felony settlement conference to July 7, and ordered Hoffman "to be present."

Hoffman did not personally appear at the July 7 hearing. However, his counsel attended the hearing and stated he was making an appearance on Hoffman's behalf "under the emergency 977." The court "note[d] the emergency 977 ha[d] been filed," set a preliminary hearing for August 6, and ordered the defendant to be personally present for the hearing, but took no further action. The minute order for the July 7 hearing states that Hoffman's counsel "appear[ed] for [Hoffman] pursuant to 977 PC." It also states that a "977 appearance [would] not [be] authorized" for the August 6 hearing.

Hoffman did not personally appear at the August 6 hearing, but his counsel did. Hoffman's counsel stated he "lost all contact" with his client and "literally ha[d] no information" about his whereabouts. Thereafter, the prosecutor stated that, according to one of her witnesses, Hoffman fled to another state. The court ordered the $50,000 bail bond forfeited, set bail at $100,000, and issued a bench warrant.

The clerk of the court timely mailed notice of the bail bond forfeiture to Allegheny. Several months later, the trial court entered summary judgment against Allegheny (see § 1306, subd. (a)).

Allegheny moved to set aside summary judgment, vacate forfeiture of the bail bond, and exonerate bail. Allegheny argued the trial court did not have jurisdiction to declare forfeiture on August 6, because it did not order forfeiture on July 7, when Hoffman first failed to appear as legally required. According to Allegheny, Hoffman did not have a sufficient excuse for his nonappearance on July 7.

3

The People opposed Allegheny's motion, arguing the trial court had jurisdiction to order forfeiture on August 6, because it had properly excused Hoffman's nonappearance on July 7. The People asserted the court had found a sufficient excuse for Hoffman's failure to appear—namely, the filing of his section 977 waiver.

The court denied Allegheny's motion to set aside summary judgment, vacate forfeiture of the bail bond, and exonerate bail. When ruling on the motion, it opined, "Well, I understand the reasoning [of the motion], but we do use emergency 977 waivers on a regular basis, especially with COVID[.] [T]hat was used on the date the defendant was initially ordered present and then a bench warrant … was issued at a subsequent date. [¶] So at this time the motion to exonerate the bond is denied."

## III

## DISCUSSION

### A

"The purpose of bail and its forfeiture is to ensure a criminal defendant's appearance in court and adherence to court orders. [Citation.] A bail bond is a contract between the court and a surety whereby the surety promises that a defendant released from custody will appear in court when ordered. If the defendant fails to appear, the surety becomes a debtor for the bond amount. [Citation.] Bail is forfeited when a defendant fails to appear as ordered before judgment is pronounced." (*People v. Lexington National Ins. Corp.* (2016) 1 Cal.App.5th 1144, 1147 (*Lexington National*).)

The law disfavors forfeitures, including the forfeiture of bail, so bail statutes are strictly construed in favor of the surety to avoid bail forfeiture. (*People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 894 (*Frontier Pacific*).) However, a surety bears the burden of establishing that a bail

4

forfeiture should be set aside. (*People v. American Surety Ins. Co.* (2001) 88 Cal.App.4th 762, 768; see *People v. International Fidelity Ins. Co.* (2017) 11 Cal.App.5th 456, 461 ["The surety has the burden of showing, with competent evidence, that a forfeiture of its bail should be set aside."].)

We apply an abuse of discretion standard to the denial of a motion to set aside a bail forfeiture. (*Lexington National, supra*, 1 Cal.App.5th at p. 1147.) " ' "[T]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." ' " (*County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 524 (*County of Yolo*).) "The party challenging the order carries the burden of establishing error." (*People v. Bankers Ins. Co.* (2019) 36 Cal.App.5th 543, 547.)

Three statutory provisions are relevant to this appeal. Section 1305, subdivision (a) specifies the circumstances under which a court must declare the forfeiture of a bail bond. It states, "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (A) Arraignment. [¶] (B) Trial. [¶] (C) Judgment. [¶] (D) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (E) To surrender himself or herself in execution of the judgment after appeal." (§ 1305, subd. (a)(1).) For purposes of this statute, "a defendant's presence may be deemed 'lawfully required' when a specific court order commands his or her appearance at a date and time certain …." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 710.) "If the court fails to declare a forfeiture *at the time* of the

5

defendant's unexcused absence, it is without jurisdiction to do so later."
(*Ibid.*; see *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 ["failure to declare a forfeiture upon a nonappearance without sufficient excuse, either where no excuse is offered or where the finding of an excuse constitutes an abuse of discretion, deprives the court of jurisdiction to later declare a forfeiture"].)

Section 1305.1 sets forth a limited exception to the general forfeiture rule codified in section 1305, subdivision (a). In relevant part, it states, "If the defendant fails to appear for arraignment, trial, judgment, or upon any other occasion when his or her appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant." (§ 1305.1.) "The factual basis for the sufficient excuse finding must appear somewhere in the trial court record—in the minutes or in the reporter's transcript." (*People v. Bankers Ins. Co.* (2021) 69 Cal.App.5th 473, 478.) In most cases involving section 1305.1, defense counsel provides the court with the evidence or asserted justification for the defendant's nonappearance. (*Bankers*, at p. 479.) Often, courts cooperate with defense counsel's requests and rely liberally on their representations. (*Ibid.*) "Even vague representations by counsel have been found sufficient— i.e., where a defendant had never previously failed to appear and defense counsel was ' "concerned something has happened." ' " (*Id.* at p. 480.)

Section 977, subdivision (b)(1), does not directly address the issue of bail forfeiture. Rather, it requires a felony defendant to be present at five specified hearings and, unless the defendant properly executes a waiver of his or her right to be present, at all other proceedings as well. Hoffman executed

6

a section 977 waiver. At the time he executed the waiver, section 977 stated in pertinent part, "[I]n all cases in which a felony is charged, the accused shall be personally present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present." (Former § 977, subd. (b)(1), added by Stats. 2014, ch. 167, § 1, and amended by Stats. 2021, ch. 196, § 1.)

### B

Allegheny argues Hoffman was legally required to appear at the July 7 hearing, even though he executed a section 977 waiver, because the court ordered him to be present in its May 28 minute order. Allegheny claims Hoffman did not have a sufficient excuse for his nonappearance, which precluded the court from continuing the case. Further, Allegheny asserts the court lost jurisdiction to declare the bail bond forfeited because it failed to order forfeiture at the time of Hoffman's initial unexcused nonappearance.

The People do not dispute that Hoffman was legally required to appear at the July 7 hearing. Thus, we will assume, without deciding, that he was legally required to appear at the July 7 hearing based on the court's May 28 minute order ordering his presence.[3] However, the People argue the court

---

3    We note that neither party addresses the relevance, if any, of Emergency Rule 5, which the Judicial Council promulgated on April 6, 2020, in response to the COVID-19 pandemic. In relevant part, Emergency Rule 5(a) states, "Notwithstanding any other law, including Penal Code sections 865 and 977, this rule applies to all criminal proceedings …." Emergency Rule 5(b)(2) then states, in pertinent part, "With the consent of the defendant, the court must allow a defendant to waive his or her appearance and permit counsel to appear on his or her behalf."

implicitly found a sufficient excuse may have existed for Hoffman's nonappearance, which allowed the court to continue the case and preserved its jurisdiction to declare forfeiture at a later date. In particular, they assert the court had reason to believe Hoffman may have had a sufficient excuse based on his filing of an emergency section 977 waiver. We agree.

The relevant "test is not whether it has been conclusively demonstrated a defendant had an actual and valid excuse for his nonappearance to justify continuing a hearing without declaring a bail forfeiture. Instead, the statute requires the court only have 'reason to believe that sufficient excuse *may* exist for the failure to appear.' " (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 952.) " 'In order for the court to have reason to believe that sufficient excuse may exist, our Supreme Court has stated in a similar context there must be "some rational basis" for belief at the time of defendant's nonappearance that sufficient excuse may exist.' " (*People v. Amwest Surety Inc. Co.* (1997) 56 Cal.App.4th 915, 923 (*Amwest*).)

An appellate court performs a case-by-case analysis when deciding whether a trial court had reason to believe a sufficient excuse may exist. (*Amwest, supra,* 56 Cal.App.4th at p. 923.) However, a defendant's possible confusion about the need to appear is routinely upheld as a sufficient excuse for the defendant's nonappearance. (*County of Yolo, supra,* 43 Cal.App.5th at p. 525 [a "misunderstanding or miscommunication between defendant and counsel about the need to appear at the hearing" may be a sufficient excuse for nonappearance]; see, e.g., *People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 131, 135 [court properly excused nonappearance where the scheduling of two court dates may have confused defendant]; *People v. Ranger Ins. Co.* (2005) 135 Cal.App.4th 820, 824 [defendant had a sufficient excuse because he may have misunderstood his need to appear];

*Frontier Pacific, supra,* 63 Cal.App.4th at p. 893 [court acted within its discretion in finding sufficient excuse where there was "confusion" whether defendant was required to appear and he had appeared at past hearings].)

Applying these standards, we conclude the court did not err in impliedly finding that Hoffman may have had a sufficient excuse for his nonappearance. On May 28, in the early days of the COVID-19 pandemic, the court received and filed an emergency section 977 waiver executed by Hoffman, which waived his right to be personally present and allowed his counsel to represent his interests. In a minute order entered on the same date, the court ordered Hoffman "to be present" at the July 7 hearing, but it did not differentiate between personal presence or presence through counsel. Hoffman reasonably could have interpreted this minute order to allow an appearance through counsel, as contemplated by the newly-filed section 977 waiver. (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 51–52 [defendant not required to attend felony settlement conference, where court ordered him "to be present," but did not specify if presence through counsel would suffice].) Indeed, Hoffman's counsel even purported to appear on his behalf at the July 7 hearing, apparently under the impression he could do so under the section 977 waiver.

Thus, while the parties seem to agree on appeal that Hoffman was legally required to attend the July 7 hearing, Hoffman's execution of a section 977 waiver appears to have engendered confusion in the lower court as to whether he was in fact required to appear personally on July 7. Further, the trial court expressly noted on the record, at the July 7 hearing, that the section 977 waiver executed by Hoffman was an "emergency" waiver. Given the apparent confusion about Hoffman's need to personally appear at the July 7 hearing, as well as the "emergency" nature of the waiver he

9

executed—all against the backdrop of the emerging COVID-19 pandemic—the trial court acted within its discretion when it impliedly found that Hoffman may have had a sufficient excuse for his nonappearance.

## IV

## DISPOSITION

The order denying Allegheny Casualty Co.'s motion to set aside summary judgment, vacate forfeiture of the bail bond, and exonerate bail is affirmed.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

DATO, J.