Filed 7/12/23  P. v. North River Ins. Co. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>NORTH RIVER INS. CO.,<br><br>     Defendant and Appellant;<br><br>BAD BOYS BAIL BONDS,<br><br>     Real Party in Interest and Appellant. | D080991<br><br><br> (Super. Ct. No. 37-2022-00021907-CU-EN-CTL) |

APPEAL from a judgment and order of the Superior Court of San Diego County, Garry G. Haehnle and Joel R. Wohlfeil, Judges.  Affirmed.

Jefferson T. Stamp for Defendant and Appellant North River Insurance Company and Real Party in Interest and Appellant Bad Boys Bail Bonds.

Claudia G. Silva, County Counsel, and Walter J. De Lorrell, III, Deputy County Counsel, for Plaintiff and Respondent.

North River Insurance Company and Bad Boys Bail Bonds (collectively, North River), posted a bail bond for the release of criminal defendant

Anthony Dixon from custody.  When Dixon failed to appear for a readiness hearing in November 2021, the trial court ordered the bail bond forfeited.  After summary judgment was entered on the bond, North River moved to set aside summary judgment, vacate the forfeiture, and exonerate bail on the grounds that the court lacked jurisdiction to order the forfeiture.  The court denied North River's motion.

North River contends on appeal that the length of the court's continuance from a prior hearing in September to November 2021—51 days—was unreasonable under Penal Code[1] section 1305.1.  Section 1305.1 provides that if "the court has reason to believe that sufficient excuse may exist for the [defendant's] failure to appear," a court may continue a case "for a period it deems reasonable to enable the defendant to appear[.]"  The People argue that section 1305.1 does not apply because Dixon actually appeared through counsel at the September hearing pursuant to Rule 5 of the Emergency Rules of Court, and that even if he did not appear, a 51-day continuance was reasonable under the circumstances.  (See Cal. Rules of Court, Appen. I, rule 5 (Emergency Rule 5).)

We conclude that, regardless of whether Dixon formally appeared at the September 2021 hearing, the court did not abuse its discretion by continuing the readiness hearing for 51 days to a date that was still several weeks before the scheduled trial date.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2020, North River posted a $150,000 bail bond for Dixon's release from custody.  Dixon was charged with felony offenses including being

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

2

a felon in possession of a firearm (§ 29800, subd. (a)(1)).  The court set a readiness hearing for February and a preliminary hearing for March 2020.

The court then continued the preliminary hearing date for several months in response to the onset of the COVID-19 pandemic.  The Judicial Council adopted Emergency Rule 5 during the pandemic, which allowed criminal defendants to waive their personal appearances and permit counsel to appear on their behalf, notwithstanding any other laws, including section 977.  (See Emergency Rule 5.)  Section 977 addresses when a defendant is required to appear at hearings and when his presence may be waived.  The court ordered Dixon to appear at a virtual hearing in October 2020.  At that hearing and at subsequent readiness hearings in January, March, and April 2021,[2] Dixon waived his personal presence pursuant to Emergency Rule 5 and section 977.

Dixon appeared remotely for his preliminary hearing in May, and he appeared through counsel for arraignment in June.  At arraignment, the court set a readiness hearing for August and a trial date of November 29.  Dixon appeared remotely at the August hearing, but the court ordered him to appear in person for the next readiness hearing in September.

On the morning of September 14, the date he was set to appear in person, Dixon appeared briefly by video before his case was called to inform the court that his father and his cousin's baby had just died.  The court instructed Dixon to consult with his lawyer and told him that his case would be called later.  Less than thirty minutes later, the court called Dixon's case and allowed his attorney to "appear 977" in his absence, noting that Dixon "had some tragedy that he was dealing with and couldn't be here."  The court

---

[2]     Further date references, unless otherwise indicated, are to dates in 2021.

continued the readiness hearing to November 4 and kept the original November 29 trial date.

On November 4, Dixon failed to appear. His attorney stated that she had lost contact with him, that he was not in custody, and that she would not seek to go forward with trial. The court forfeited Dixon's bond, issued a warrant for his arrest, and vacated the November 29 trial date. After the 180-day period during which forfeiture could be set aside, the court entered summary judgment on the bond. (See § 1305, subds. (c)-(k).)

North River moved to set aside summary judgment, vacate the forfeiture, and exonerate bail on the grounds that the court lacked jurisdiction to order the forfeiture. North River argued that the court lost jurisdiction under section 1305, which governs bond forfeiture, after Dixon missed legally required court appearances in June and September. North River also argued that the court lost jurisdiction under section 1305.1, a limited exception to section 1305, when it continued the case in September for a period beyond what was "reasonable" to enable Dixon to appear without ordering forfeiture.

The court denied North River's motion to set aside summary judgment, and North River timely appealed.

## DISCUSSION

On appeal, North River focuses its argument solely on the length of the continuance the court granted at the September hearing. Specifically, North River contends that the 51-day continuance from September to November was unreasonably long under section 1305.1, and that the court therefore had no jurisdiction to forfeit bail in November. We disagree.

4

*A. Governing Law*

"The purpose of bail and its forfeiture is to ensure a criminal defendant's appearance in court and adherence to court orders. [Citation.] A bail bond is a contract between the court and a surety whereby the surety promises that a defendant released from custody will appear in court when ordered. If the defendant fails to appear, the surety becomes a debtor for the bond amount. [Citation.] Bail is forfeited when a defendant fails to appear as ordered before judgment is pronounced." (*People v. Lexington National Ins. Corp.* (2016) 1 Cal.App.5th 1144, 1147 (*Lexington National*).)

The law disfavors bail forfeiture, and bail statutes are strictly construed to avoid forfeiture. (*People v. Frontier Pac. Ins. Co.* (1998) 63 Cal.App.4th 889, 894.) However, a surety bears the burden of establishing that a bail forfeiture should be set aside. (*People v. Am. Su. Ins. Co.* (2001) 88 Cal.App.4th 762, 768; see *People v. International Fidelity Ins. Co.* (2017) 11 Cal.App.5th 456, 461 ["The surety has the burden of showing, with competent evidence, that a forfeiture of its bail should be set aside."].)

We review the denial of a motion to set aside a bail forfeiture under an abuse of discretion standard. (*Lexington National*, *supra*, 1 Cal.App.5th at p. 1147.) " ' "[T]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." ' " (*County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 524.)

Section 1305, subdivision (a), specifies the circumstances in which a court must declare a bail bond forfeited, including "if, without sufficient excuse, a defendant fails to appear for any of the following: [¶]

5

(A) Arraignment.  [¶]  (B) Trial.  [¶]  (C) Judgment.  [¶]  (D) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required.  [¶]  (E) To surrender himself or herself in execution of the judgment after appeal."  (§ 1305, subd. (a)(1).)  Except in the circumstances laid out in section 1305.1, "[i]f the court fails to declare a forfeiture at the time of the defendant's unexcused absence, it is without jurisdiction to do so later."  (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 710, italics omitted; *see People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 ["failure to declare a forfeiture upon a nonappearance without sufficient excuse, either where no excuse is offered or where the finding of an excuse constitutes an abuse of discretion, deprives the court of jurisdiction to later declare a forfeiture"].)

Section 1305.1 sets forth a limited exception to the general rule codified in section 1305, subdivision (a).  In relevant part, it states, "[i]f the defendant fails to appear for arraignment, trial, judgment, or upon any other occasion when his or her appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant."  (§ 1305.1.)

At the time of Dixon's hearings in this case, section 977 stated in relevant part that "in all cases in which a felony is charged, the accused shall be personally present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or

6

her right to be personally present[.]" (Former § 977, subd. (b)(1), added by Stats. 2014, ch. 167, § 1, and amended by Stats. 2022, ch. 57, § 12.) Rule 4.112(a)(3) of the California Rules of Court governing readiness conferences in felony cases provides: "The defendant must be present in court."

*B. Analysis*

On appeal, North River does not challenge the substantive basis for the court granting a continuance at the September hearing, but rather focuses on whether the *length* of the continuance was reasonable. North River argues that a 51-day continuance was beyond what was reasonable to enable Dixon to appear, noting that continuances to allow for appearances are "usually just a few days or otherwise tethered to some objective fact which explains why a longer continuance was needed."

The People contend that the length of the continuance was reasonable because unlike other situations where a defendant is completely absent, Dixon appeared shortly before his case was called on the morning of the hearing and informed the court of his circumstances. The People also argue that the November 4 date was "in due course" for a trial scheduled for November 29.

We agree with the People. The language in section 1305.1 expressly gives the court discretion to continue a case "for a period *it deems* reasonable[.]" (§ 1305.1, italics added.) And while continuances after a failure to appear may be as short as one day (see *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 949), the length of a reasonable continuance can vary depending on the circumstances. For example, in *People v. National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302 (*National Auto*), the defendant failed to appear for his sentencing hearing. (*Id.* at p. 304.) His counsel reported that the defendant initially had contact with probation, but

7

then counsel and probation both lost touch with him. (*Ibid.*) The court continued the matter for 28 days, issued and held a bench warrant until the next hearing date, and then forfeited bail when the defendant failed to appear again. (*Ibid.*) The Court of Appeal in *National Auto* found no error in the trial court's continuance and concluded that the record supported a finding that the defendant may have had a sufficient excuse for failing to appear. (See *id.* at pp. 306–307.)

Similarly, in *People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13 (*Ranger*), the trial court continued a sentencing hearing for 44 days after noting that although the defendant did not appear, his counsel stated that defendant's mother was dying of cancer. (*Id.* at pp. 16–17.) The defendant appeared at the next hearing, which was again continued because of his mother's illness; but when the defendant failed to appear at the hearing after that, the court forfeited bail. (*Id.* at p. 17.) Citing section 1305.1's predecessor, the Court of Appeal concluded that the trial court retained jurisdiction to forfeit bond despite the initial 44-day continuance because the court had reason to believe a sufficient excuse existed for the defendant's nonappearance. (*Id.* at pp. 19–20; former § 1305, subd. (b), amended by Stats. 1993, ch. 524, § 4.)

Although *National Auto* and *Ranger* did not analyze the propriety of each continuance's duration, those cases serve as examples of how continuances of multiple weeks can still be deemed reasonable, even when counsel cannot explain a defendant's absence (as in *National Auto*) or when a defendant does not appear in any capacity (as in *Ranger*). Here, Dixon actually appeared (albeit informally) via video the morning of the September hearing and spoke directly to the court. He explained the circumstances surrounding his physical absence (two deaths in his family), and his attorney

8

appeared shortly thereafter on his behalf, presumably after consulting with Dixon. Furthermore, Dixon had a history of appearing in the past as required, through counsel and remotely. The court thus had little reason to doubt that Dixon would appear at the next hearing. Unlike in cases where counsel has lost touch with a defendant and the defendant's whereabouts are unknown, there was less urgency associated with Dixon's absence here.

The nature of the hearing at issue and the date for which it was set in relation to the scheduled trial date further support the reasonableness of the continuance. Unlike an arraignment, preliminary hearing, or sentencing, a readiness hearing is a relatively routine opportunity for the parties to "discuss the case and determine whether the case can be disposed of without trial[.]" (Cal. Rules of Court, rule 4.112(a)(1).) By rule, a readiness conference is normally held "within 1 to 14 days before the date set for trial." (*Id.*, subd. (a).) North River makes no persuasive argument as to why continuing such a hearing to a date that was still weeks before trial was unreasonable in this context.[3] Because the trial itself was not continued, the continuance of the readiness conference did not prolong the duration of North River's exposure on the bond. Considering the totality of circumstances, including the nature and purpose of a readiness hearing, the absence of any urgency, the previously scheduled trial date, Dixon's prior history of making appearances, and his appearance by video at the September hearing to explain why he could not be present, we cannot say that the trial court acted

---

[3] We also observe that the hearings at issue occurred in the midst of the COVID-19 pandemic, which the trial court's October 2020 and January 2021 orders acknowledged had led—and would likely continue to lead—to additional continuances and potential delays. (See *People v. Breceda* (2022) 76 Cal.App.5th 71, 82–83 [describing the Governor's and Chief Justice's orders authorizing courts to extend statutory deadlines, suspend trials, and allow for continuances in response to COVID-19].)

arbitrarily or capriciously by granting a 51-day continuance of the readiness hearing to a date that was still several weeks before trial.

Given these circumstances, we conclude that the court did not abuse its discretion and thus did not forfeit its jurisdiction to order a forfeiture of bail by continuing Dixon's readiness hearing for 51 days.

## DISPOSITION

The order denying North River Insurance Company and Bad Boys Bail Bonds' motion to set aside summary judgment, vacate forfeiture of the bail bond, and exonerate bail, is affirmed.  Respondent shall recover its costs on appeal.


BUCHANAN, J.

WE CONCUR:



HUFFMAN, Acting P.J.



RUBIN, J.