Filed 2/25/25  P. v. Bankers Insurance Company CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BANKERS INSURANCE COMPANY,<br><br>    Defendant and Appellant. | D083964<br><br><br>(Super. Ct. No. 37-2024-00012204-CU-EN-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis and Selena D. Epley, Judges.  Affirmed.

John M. Rorabaugh for Defendant and Appellant.

Claudia G. Silva, County Counsel, B. George Seikaly, Senior Deputy County Counsel, for Plaintiff and Respondent.

## I.    INTRODUCTION

When a defendant released on bail fails to appear for a required court appearance, the trial court must immediately order the bail forfeited or the court loses jurisdiction to later declare a forfeiture after a future failure to appear.  (See *People v. Safety National Casualty Corp.* (2016) 62 Cal.4th

703, 709 (*Safety National*); Pen. Code,[1] § 1305, subd. (a) (§ 1305(a)).)
Bankers Insurance Company (Surety) posted a $50,000 bail bond to secure the pretrial release of criminal defendant Kristin Royce. When Royce failed to appear for her preliminary hearing, the trial court declared the bond forfeited. Surety moved to vacate the forfeiture and exonerate bail on the ground that the trial court lost jurisdiction to order the forfeiture by failing to immediately do so when Royce unjustifiably failed to appear for three earlier hearings. The trial court denied the motion, concluding that under section 977 (which allows a defendant to waive his or her right to be present at certain proceedings) Royce properly appeared through counsel at the prior hearings and, therefore, the court retained jurisdiction to order the bond forfeited. The court entered summary judgment against Surety.

Surety contends on appeal that the trial court erred in concluding that Royce properly appeared through counsel at the earlier hearings because the court had ordered her to appear personally. The People disagree.

On the record before us, we conclude the trial court properly found that Royce was permitted to appear through counsel at the earlier hearings. Consequently, the court did not lack jurisdiction to order the bond forfeited when Royce failed to appear in person at the preliminary hearing. Accordingly, we affirm the judgment.

---

1  Further undesignated statutory references are to the Penal Code.

2

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Underlying Criminal Case

On April 27, 2022,[2] Surety posted a $50,000 bail bond to secure Royce's release pending trial on felony charges.  The bond reflected that Royce needed to appear in court on May 4.

On May 4, Royce personally appeared in court represented by a deputy public defender.  The trial court arraigned Royce and advised her, "You will be allowed to remain out on your currently posted bond.  And you are ordered back on the dates the clerk announces."  The clerk then announced a readiness conference on May 11 and a preliminary hearing on May 17.  The court's form "misdemeanor/felony pre-disposition minutes" (capitalization omitted; (minutes)) for the arraignment state "defendant is ordered to appear" for the further proceedings.  (Bolding and capitalization omitted.)

On May 11, Royce did not personally appear in court.  Instead, a deputy public defender and an attorney from the Office of Appointed Counsel (Michael Kern) appeared and advised the court that Kern was substituting in as Royce's counsel.  When Kern stated his appearance, he added, "977 on [Royce's] behalf."  On the corresponding minutes, the court checked the boxes showing that Royce waived "personal presence" "per PC977" and that she was "not present"; the court did not mark the checkbox reflecting that Royce "failed to appear."  (Capitalization omitted.)  At this hearing, Kern requested that the court continue the readiness conference to June 7 and the preliminary hearing to July 6.  The court granted the continuance and advised Kern, "[Y]ou are ordered to appear on that date and time."  The court checked boxes on the corresponding minutes signifying that "defendant is

---

[2]    All relevant events occurred in 2022 unless otherwise stated.

ordered to appear" at the future proceedings, and that Royce "remains at liberty . . . on bail previously posted." (Capitalization omitted.)

The June 7 readiness conference was not reported. The corresponding minutes show that Kern appeared on Royce's behalf. The court marked boxes reflecting that Royce waived "personal presence" "per PC977" and that she was "not present"; the court did not check the box reflecting that she "failed to appear." (Capitalization omitted.) The court also checked boxes showing that Royce "remains at liberty . . . on bail previously posted." (Capitalization omitted.)

On July 6, Kern appeared in court, stating his appearance as "977 on [Royce's] behalf. She is out of custody." The prosecution requested an unopposed continuance of the preliminary hearing to July 28. After confirming with Kern that "[his] client is waiving time," the court granted the request. The court marked checkboxes on the corresponding minutes reflecting that Royce waived "personal presence" "per PC977" and that she was "not present"; the court did not check the checkbox reflecting that she "failed to appear." (Capitalization omitted.) The court also checked the boxes showing that Royce "remains at liberty . . . on bail previously posted." (Capitalization omitted.)

On July 28, Kern appeared for the preliminary hearing, but Royce did not. Although the hearing was reported, the transcript is not in the appellate record. The court's minutes reflect that Royce "failed to appear" (capitalization omitted) and that the court ordered her bail forfeited. The court notified Surety of the forfeiture.

## B.    Bail Proceedings

In October 2023, Surety moved to vacate the forfeiture and exonerate bail. Surety argued that Royce was required to personally appear at the

4

May 11, June 7, and July 6 hearings, and that the court lost jurisdiction to later declare a forfeiture when it failed to do so after Royce's nonappearance at any of the earlier hearings. The People opposed the motion, arguing that Royce "waived [her] personal presence per Penal Code section 977 and [was] not legally required to be present." Surety argued in reply that when a court orders a defendant to personally appear at a future hearing, that defendant may not appear through counsel notwithstanding section 977.

After hearing argument, the trial court denied Surety's motion. The court explained that section 977, subdivision (b) (§ 977(b)) "provides that a defendant shall be . . . present unless they waived their right to be . . . present," and the "minute orders and transcripts clearly indicate that counsel was appearing at those prior court dates pursuant to [section] 977. So, the defendant's presence had been waived. That [section] 977 appearance is statutorily authorized. Those . . . prior hearings were not hearings where the defendant's presence was lawfully required." When Surety's counsel interjected that the court on May 4 "clearly ordered [Royce] to *personally* appear on May 11th," the court responded: "I'm aware of that. But the defendant waived their presence. The counsel had the authority to do so. The court accepted that." (Italics added.)

The court entered summary judgment against Surety in the amount of the bond plus costs.

Surety appeals.

## III. DISCUSSION

Surety contends the trial court erred in denying Surety's motion because the court ordered Royce to personally appear at the May 11, June 7, and July 6 hearings; therefore, the trial court's failure to immediately order bail forfeited when Royce purported to appear through counsel at these

5

hearings divested the trial court of jurisdiction to later declare a forfeiture. We are not persuaded.

## A.     Relevant Legal Principles

" 'The forfeiture of bail and related proceedings are a matter of statutory procedure governed by sections 1305 through 1308. [Citation.] "The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court." [Citation.] "While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature." [Citation.] In that regard, the bail bond itself is a " 'contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond.' " [Citation.] When a defendant who posts bail fails to appear at a scheduled hearing, the forfeiture of bail implicates not just the defendant's required presence, but constitutes a "breach of this contract" between the surety and the government. [Citation.] Ultimately, if the defendant's nonappearance is without sufficient excuse, it is the surety who "must suffer the consequences." ' " (*County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 314 (*Financial Casualty*), quoting *Safety National, supra*, 62 Cal.4th at p. 709.)

Under section 1305(a), a trial court must declare bail forfeited "if, without sufficient excuse, a defendant fails to appear" for certain enumerated proceedings — arraignment, trial, judgment, and post-appeal surrender (§ 1305(a)(1)(A), (B), (C), (E)) — or any other proceeding at which "the defendant's presence in court is lawfully required." (§ 1305(a)(1)(D); see *Financial Casualty, supra*, 5 Cal.5th at p. 314.) "For purposes of section 1305(a), a defendant's presence may be deemed 'lawfully required' when a

6

specific court order commands his or her appearance at a date and time certain." (*Safety National*, *supra*, 62 Cal.4th at p. 710.) "If the court fails to declare a forfeiture at the time of the defendant's unexcused absence, it is without jurisdiction to do so later." (*Ibid*., italics omitted; see *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 ["failure to declare a forfeiture upon a nonappearance without sufficient excuse . . . deprives the court of jurisdiction to later declare a forfeiture"].)

Although it does not expressly relate to bail, section 977(b)(1) requires a defendant's personal presence at five specified proceedings — "arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence" — *and* "at all other proceedings *unless they waive their right to be . . . present*." (§ 977(b)(1), italics added; see *Safety National*, *supra*, 62 Cal.4th at p. 707.) Even if a defendant desires to waive his or her right to be present, the "court may specifically direct the defendant . . . to be physically . . . present at any particular proceeding." (§ 977(b)(3).) An "other proceeding[]" at which a defendant must be present under section 977(b)(1) "constitutes a 'lawfully required' appearance for which [a defendant's] unexcused absence may justify the forfeiture of bail" under section 1305(a)(1)(D). (*Safety National*, at p. 716.)

Through June 29, 2022 — that is, during the time of Royce's May 11 and June 7 hearings — section 977(b)(1) required that the defendant's waiver of presence be written and executed in open court. (Former § 977(b)(1).) Because of the COVID-19 pandemic, however, in April 2020 the Judicial Council of California, as authorized by the governor, adopted Emergency Rules Related to COVID-19. (See Cal. Rules of Court, appen. I, Emergency Rules Related to COVID-19 (Rules); *E.P. v. Superior Court* (2020)

7

59 Cal.App.5th 52, 54–55.)  Rule 5 provided that, "[w]ith the consent of the defendant, the court must allow a defendant to waive his or her appearance and permit counsel to appear on his or her behalf."  (Rule 5(b)(2).)  The rule required a court to "accept a defendant's waiver of appearance or personal appearance when: [¶] (A) [c]ounsel for the defendant makes an on the record oral representation that counsel has fully discussed the waiver and its implications with the defendant and the defendant has authorized counsel to proceed as counsel represents to the court; [¶] (B) [e]lectronic communication from the defendant as confirmed by defendant's counsel; or [¶] (C) [a]ny other means that ensures the validity of the defendant's waiver."  (Rule 5(b)(2)(A)–(C).)  "The court must accept defense counsel's representation that the defendant understands and agrees with waiving any right to appear unless the court has specific concerns in a particular matter about the validity of the waiver."  (Rule 5(c)(3).)  Rule 5 lapsed on June 30, 2022.  (Rule 5(f).)

Picking up where Rule 5 left off, the Legislature amended section 977 effective June 30, 2022 — that is, about one week before Royce's July 6 hearing.  (Stats. 2022, ch. 57, § 12.)  As amended, section 977 no longer requires the defendant's waiver of presence exclusively be made in a writing executed in open court.  Now, under section 977(b)(2), "[t]he waiver of a defendant's right to be . . . present may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant *or by the defendant's counsel of record*."  (Italics added.)  Under amended section 977, "[a] waiver . . . may be entered by counsel . . . after counsel has stated on the record that the defendant has been advised of the right to be physically or remotely present for the hearing at issue, has waived that right, and agrees that notice to the attorney that the defendant's physical or remote

8

presence in court at a future date and time is required is notice to the defendant of that requirement." (§ 977(b)(2)(B).)

" 'While it is true that the law disfavors forfeitures, including forfeitures of bail under the bail provisions of the Penal Code, it is the burden of the surety to show that a forfeiture of its bail should be set aside.' " (*People v. Lexington National Ins. Corp*. (2016) 1 Cal.App.5th 1144, 1147 (*Lexington National*).) "An order denying a motion to set aside a bail forfeiture is reviewed under the abuse of discretion standard." (*Ibid*.) " ' "[T]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." ' " (*County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 524.)

## B.    Analysis

On the record before us, Surety fails to demonstrate that Royce was required to appear *personally* at the May 11, June 7, and July 6 hearings such that her appearance through counsel constituted an unexcused absence divesting the trial court of jurisdiction to later declare bail forfeited.

Surety relies heavily on the trial court's admonition to Royce at the May 4 hearing that "you are ordered back" on the specified dates, and on the checkboxes in the corresponding minutes reciting that "defendant is ordered to appear" at the future proceedings. (Bolding and capitalization omitted.) But neither directive mandated that Royce appear in person; they mandated only that she appear in some fashion.

The record pertaining to the May 11 hearing supports the interpretation of the May 4 directives as allowing appearances other than in

9

person.  Defense counsel expressly stated he was appearing on Royce's behalf under section 977.  The trial court's minutes reflect that Royce was "not present," that she had waived "personal presence" "per PC977," and that she "remain[ed] at liberty . . . on bail previously posted."  (Bolding and capitalization omitted.)  The court did not mark the checkbox indicating Royce had "failed to appear."  (Capitalization omitted.)  And, at the end of the hearing, the court told counsel, "[*Y*]*ou* are ordered to appear" at the next hearing.  (Italics added.)  This admonition — aimed directly at counsel — supports that when the court checked the box in the May 11 minutes indicating "defendant is ordered to appear" at the future proceedings, the court contemplated that defendant could appear through counsel.  (Bolding and capitalization omitted.)  By extension, we reasonably infer that when the court filled in the same checkbox on the May 4 minutes, the court likewise contemplated that Royce could appear at the future proceedings through counsel.

The record pertaining to the June 7 and July 6 hearings further supports the conclusion that the trial court did not intend to require Royce's personal appearance at all future proceedings.  The June 7 hearing was not reported, but the transcript of the July 6 hearing shows that defense counsel expressly stated he was appearing on Royce's behalf under section 977.  The court's minutes for both hearings reflect that Royce was "not present," that she had waived "personal presence" "per PC977," and that she "remain[ed] at liberty . . . on bail previously posted."  (Bolding and capitalization omitted.)  And the court did not mark the checkbox indicating Royce had "failed to appear."  (Capitalization omitted.)

"From this record we can infer only that the court did not intend to require [Royce]'s personal attendance" at the May 11, June 7, or July 6

10

proceedings. (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 51–52 [finding personal appearance was not required where "the minute orders d[id] not state that [the defendant] was required to be personally present" but "merely order[ed] him to return"; the defendant "was present at all such hearings, either personally or through counsel"; and "the minutes of each hearing at which [the defendant] was not personally present state that he appeared through counsel pursuant to section 977, and they also state that the current bond was continued"]; but see *Lexington National, supra,* 1 Cal.App.5th at p. 1149 [holding the defendant was required to personally appear where the court stated, " 'You are ordered to go back to Department 87 up on the second floor, [defendant], October 1st, [2013,] 9:00 a.m. for your pretrial."].)[3]

Accordingly, we conclude the trial court acted within its discretion in concluding that Royce was not required to personally appear at the May 11, June 7, or July 6 hearings. Consequently, her appearances through counsel at those hearings did not constitute unexcused absences that triggered an

---

[3]    *Lexington National* is distinguishable for several reasons. First, it involved a misdemeanor charge for which the default rule is to allow appearances through counsel. (*Lexington National, supra,* 1 Cal.App.5th at pp. 1146, 1148; see former § 977, subd. (a)(1) ["In all cases in which the accused is charged with a misdemeanor only, he or she may appear by counsel only."].) Against that backdrop, the court's order that the defendant — addressed by name — "go to" a particular proceeding carries added significance. (*Id.* at p. 1149.) Second, defense counsel in *Lexington National* did not purport to appear on the defendant's behalf — quite to the contrary. When stating his appearance, defense counsel stated the defendant was "not present" and that counsel "ha[d] no information for [her]." (*Id.* at p. 1147.) Finally, *Lexington National* did not involve a series of court minutes addressing the defendant's presence and bail status, which could have provided context for the trial court's earlier oral directive. (*Id.* at pp. 1146–1149.)

11

immediate bail forfeiture that deprived the court of jurisdiction to later declare a forfeiture when Royce failed to appear for the July 28 preliminary hearing.

Assuming Royce was allowed to appear through counsel at the May 11, June 7, and July 6 hearings, Surety now contends she did not *properly* do so because her counsel purportedly failed to satisfy the waiver requirements specified in Rule 5 and amended section 977(b)(2)(B). However, Surety did not raise this contention in the trial court; Surety argued only that Royce was not allowed to appear through counsel because the court had ordered her to personally appear. " 'As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried. This rule is based on fairness — it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal . . . .' [Citation.] . . . ' "Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider." ' " (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.) Had Surety raised this issue below, the parties and trial court could have developed a more thorough record regarding Royce's waiver of appearance, including, for example, whether the record in her criminal case contains a written waiver of appearance or a more comprehensive oral waiver during some other proceeding not contained in the limited excerpts contained in the appellate record in this civil proceeding. Accordingly, we decline to address this newly raised issue for which the record is not fully developed. (*Nellie Gail*, at p. 997; *Lexington National*, *supra*, 1 Cal.App.5th at p. 1147 [" 'it is the burden of the surety to show that a forfeiture of its bail should be set aside' "];

12

*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 [" 'It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.' "].)

## IV.   DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.


RUBIN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.