Filed 9/19/16  Certified for pubication 10/5/16 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ACCREDITED SURETY & CASUALTY CO.,<br><br>    Defendant and Appellant. | D068515<br><br><br>(Super. Ct. No. 37-2015-00022398-CL-EN-CTL) |

APPEAL from an order and judgment of the Superior Court of San Diego County, David M. Szumowski and David J. Danielsen, Judges.  Affirmed.

John M. Rorabaugh, E. Alan Nunez, and Robert T. White for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, and Walter J. De Lorrell III, Deputy County Counsel, for Plaintiff and Respondent.

Defendant Accredited Surety & Casualty Co. (Surety) appeals an order and judgment in favor of the People following forfeiture of Surety's bail bond under Penal

Code section 1305.[1] Surety contends the court erred by denying its motion to vacate the forfeiture and exonerate the bond. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Surety posted a $25,000 bail bond for the release of Jose Espinoza Estrada, who had been charged in San Diego County Superior Court with several felony offenses. After Estrada failed to appear for his arraignment, the trial court ordered Surety's bond forfeited.

Surety moved to vacate the forfeiture and exonerate the bond under section 1305, subdivision (g). Surety contended it had located Estrada in Mexico, identified him with and in the presence of local law enforcement officers, informed the district attorney of Estrada's whereabouts, and understood the district attorney had elected not to extradite him. In support of its motion, Surety submitted declarations from its investigator and two Mexican police officers, copies of Estrada's Mexican driver's license and passport, a signed statement from Estrada acknowledging receipt of his driver's license and passport, and a letter from Surety's counsel to the district attorney regarding extradition.

In his declaration, Surety's investigator, Jerry Anderson, explained that he traveled to San Luis Rio Colorado in the Mexican state of Sonora with two officers from the fugitive apprehension unit of the state police for the Mexican state of Baja California. While there, Anderson and the officers met with Estrada and verified his identity based on Estrada's driver's license and passport. Anderson returned the driver's license and

---

1      Further statutory references are to the Penal Code.

2

passport to Estrada and obtained his signed acknowledgment. Anderson and the officers attempted to photograph Estrada, but Estrada's father (who was present) refused.

The declarations submitted by the two Mexican police officers, Alfredo Arenas Moreno and Hector Ojeda Alcala, generally confirmed Anderson's statements. Moreno identified himself as a member of the international liaison unit and fugitive recovery unit of Baja California State Police. He stated that he accompanied Anderson to San Luis Rio Colorado and identified Estrada on the basis of his driver's license. Alcala identified himself as a sworn peace officer of the city of Mexicali in Baja California. Alcala stated that Estrada was temporarily detained in his presence, that he verified Estrada's identity on the basis of his driver's license and passport, and that those documents were returned to Estrada afterward.

The People opposed Surety's motion. The People argued that Surety had not satisfied the requirements of section 1305, subdivision (g) because Moreno and Alcala were not local law enforcement officers from the Mexican state of Sonora, where Estrada was located, and the San Diego County District Attorney did not make an election not to extradite Estrada. The People submitted a declaration from Richard Madruga, a deputy district attorney for San Diego County. Madruga explained that, based on conversations with his Mexican liaison, Mexican police officers from Baja California and Mexicali have no jurisdiction in Sonora. Madruga attached his letter responding to Surety's correspondence regarding Estrada. In the letter, Madruga expressed several concerns regarding the validity of the information provided by Surety, including Moreno's and Alcala's lack of jurisdiction in Sonora.

3

In reply, Surety disputed the People's interpretation of the statute. Surety submitted a declaration from its counsel describing extradition procedures and identification requirements for extradition from Mexico. Surety also submitted a further declaration from Alcala. This time, Alcala identified himself as a member of the international fugitive apprehension unit of the Mexican State Police in Baja California.

After hearing argument, the trial court denied Surety's motion and entered judgment. Surety appeals.

DISCUSSION

"Section 1305 provides that bail is to be forfeited if the defendant fails to appear when lawfully required to do so. That section sets forth situations when the forfeiture must be vacated and the bond exonerated." (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 543 (*Fairmont*).) One such situation is described in subdivision (g) of the statute, which "provides a means for exonerating the bail of a fleeing defendant if the bail bond agency locates the defendant in another jurisdiction and brings him before a local law enforcement officer but the district attorney elects not to seek the defendant's extradition." (*County of Los Angeles v. American Contractors Indemnity Co.* (2007) 152 Cal.App.4th 661, 663.) That subdivision provides as follows: "In all cases of forfeiture where a defendant is not in custody and is beyond the jurisdiction of the state, is temporarily detained, by the bail agent, in the presence of a local law enforcement officer of the jurisdiction in which the defendant is located, and is positively identified by that law enforcement officer as the wanted defendant in an affidavit signed under penalty of perjury, and the prosecuting agency elects not to seek

4

extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release." (§ 1305, subd. (g).)

Surety contends it complied with the requirements of the statute and the court erred by denying its motion to vacate forfeiture and exonerate its bond. We review the trial court's ruling for abuse of discretion. (*People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 5.) "As the Supreme Court has noted, however, 'the abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of the trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Fairmont, supra*, 173 Cal.App.4th at p. 543.)

Surety frames its argument on appeal as a question of statutory interpretation. Surety appears to argue that the statutory phrase "local law enforcement officer of the jurisdiction in which the defendant is located" should be interpreted to include law enforcement officers that are part of an international fugitive apprehension task force, regardless of whether they are from the Mexican state where the defendant was located. (See § 1305, subd. (g).) Applying ordinary rules of statutory construction (*County of Orange v. Ranger Insurance Co.* (1998) 61 Cal.App.4th 795, 800) and mindful that the statute " ' 'must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture" ' " (*County of Los Angeles v. American Contractors Indemnity Co., supra*, 152

5

Cal.App.4th at pp. 665-666), we conclude on de novo review that Surety's interpretation of the statute is incorrect. The ordinary meaning of "jurisdiction" in this context is "[a] geographic area within which political or judicial authority may be exercised" or "[a] political or judicial subdivision within such an area." (Black's Law Dict. (10th ed. 2014) p. 980.) "Jurisdiction" here is based on geography, as the language of the statute makes clear: the relevant jurisdiction is the one "in which the defendant is *located*." (§ 1305, subd. (g); italics added.) The statute admits no exception from this requirement for local law enforcement officers from a *different* jurisdiction, even if those officers are engaged in specialized law enforcement work involving international fugitives. The policy reasons behind the statute and the international extradition procedures cited by Surety cannot override the plain meaning of the statute. (See *People v. Loeun* (1997) 17 Cal.4th 1, 9 [" 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." ' "].)

Given our interpretation of the statute, we conclude the trial court did not err by denying Surety's motion to vacate forfeiture and exonerate its bond. As we have discussed, the relevant statute requires that the defendant be temporarily detained "in the presence of a local law enforcement officer of the jurisdiction in which the defendant is located" and that the local law enforcement officer positively identify him. (§ 1305, subd. (g).) It was Surety's burden to show that its case falls within this subdivision. (*People v. Accredited Surety & Casualty Co.* (2004) 132 Cal.App.4th 1134, 1139.) Here, Estrada was located in San Luis Rio Colorado in the Mexican state of Sonora. The

relevant local jurisdictions were San Luis Rio Colorado and Sonora.[2] According to Surety's evidence, the law enforcement officers who were allegedly present when Estrada was detained were from Baja California. The officers here were neither officers of San Luis Rio Colorado nor officers of Sonora. The record contains no evidence of their relationships, if any, to those jurisdictions. The trial court was therefore entitled to find they were not "local law enforcement officer[s] of the jurisdiction in which [Estrada was] located" within the meaning of the statute. This finding is amply supported by the evidence, and the trial court did not abuse its discretion by denying Surety's motion. In light of our conclusion, we need not consider the People's alternative argument in favor of affirmance.

## DISPOSITION

The order and judgment are affirmed.

_____

HUFFMAN, Acting P. J.

WE CONCUR:


_____

NARES, J.


_____

HALLER, J.

---

[2] The country of Mexico, of course, is another possible local jurisdiction. This case does not present the issue, and we need not decide, whether law enforcement officers of the Mexican federal government would qualify under the statute.

7

Filed 10/5/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>ACCREDITED SURETY & CASUALTY CO.,<br><br>　　Defendant and Appellant. | D068515<br><br><br><br>(Super. Ct. No. 37-2015-00022398-CL-EN-CTL)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion filed September 19, 2016, is ordered certified for publication.


HUFFMAN, Acting P. J.

Copies to:　All parties