Filed 12/13/23  P. v. U.S. Fire Insurance Co. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | F084978 |
| Plaintiff and Respondent, | (Super. Ct. No. CR-19-006863) |
| v. | |
| UNITED STATES FIRE INSURANCE COMPANY, | **OPINION** |
| Third Party Claimant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

Law Office of John Rorabaugh and John Rorabaugh for Third Party Claimant and Appellant.

Thomas Boze, County Counsel, and Jesus Mendoza, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and Meehan, J.

Appellant United States Fire Insurance Company (U.S. Fire) appeals from a trial court order refusing to grant relief from the forfeiture of a bond that eventually resulted in the entry of a summary judgment. The focus of U.S. Fire's appeal is on the belief the trial court lacked the ability to declare a forfeiture of the bond on October 27, 2020, because the court had already lost the ability to declare the bond forfeited after failing to do so following an earlier hearing, as was required by Penal Code section 1305.[1] Our review of the record provided in this case does not support U.S. Fire's position, and we therefore affirm.

## PROCEDURAL SUMMARY

On July 23, 2019, defendant Maximiliano Maldonado was charged with threatening to commit a crime (§ 422, subd. (a), a felony; count 1), and committing an assault with a firearm (§ 245, subd. (a)(2), a felony; count 2).[2] On this same day, defendant entered a plea of not guilty to the charges and refused to enter a time waiver for the preliminary hearing. After defendant's case was continued to July 29, 2019, he remained in custody in lieu of $100,000 bail.

On July 24, 2019, U.S. Fire, through its agent Mark Garcia Bail Bonds,[3] posted a bond to obtain defendant's release from custody. Defendant was then ordered to appear in court on July 29, 2019. On July 29, 2019, defendant was present in court and the matter was continued to September 6, 2019. The minute order for that day shows defendant waived time, was informed to personally appear at the next pretrial hearing, and entered a section 977 waiver.

---

[1]     All further statutory references are to the Penal Code.

[2]     We have not been provided a copy of the criminal complaint in this case and take this information from the register of actions provided in the clerk's transcript.

[3]     We note that U.S. Fire's "Motion to Extend Time Pursuant to … § 1305.4," filed April 30, 2021, identifies "Mark Garcia Bail Bonds" as their agent, however, the bail agreement dated July 24, 2019, identifies Bad Moon Bail Bonds as the agent.

The minute order for September 6, 2019, showed defendant was not present at the hearing, that the pretrial hearing was continued to October 22, 2019, due to the need for further investigation, and defendant was instructed to appear at the next hearing. The transcript of the oral proceedings shows the court recognized defendant was "permissively not present." At the October 22, 2019 hearing, designated as "settle or set pretrial," defendant was again not present, the court confirmed defendant was "permissively not present," and the matter was continued to January 21, 2020, for a preliminary hearing. The minute order again indicated defendant was expected to appear for the preliminary hearing.

On January 21, 2020, the minute order showed the preliminary hearing was vacated, defendant was again not present, and the matter was again continued to February 25, 2020. The minute order also indicated the preliminary hearing was vacated due to the fact a courtroom was not available because another preliminary hearing was already in progress. The reporter's transcript for that day again shows the court's recognition that defendant was "permissively not present." A minute order for a pretrial hearing on February 21, 2020, states the February 25, 2020 date for the preliminary hearing was vacated. The minute order also indicated defendant was ordered to appear on March 24, 2020, for the new preliminary hearing date.

On March 19, 2020, the following order was issued by the Stanislaus County Superior Court:

> "Due to the recent COVID-19 pandemic having been declared, and in light of the directives issued by Governor Gavin Newsom and President Donald Trump, the hearing(s) in this case are continued as follows:

> "The hearing set on March 24, 2020[,] is continued to May 26, 2020[,] at 8:30 a.m. in Department [Five] for [pretrial]."

3.

Thereafter, the May 26, 2020 hearing was again continued to September 17, 2020, due to the COVID-19 pandemic. This particular order failed to note what type of hearing was to be held on that date, or whether defendant's presence was required.

On September 17, 2020, a new minute order was issued directing defendant to appear in court on October 27, 2020, for a preliminary hearing. The minute order noted the existence of the section 977 waiver, and that defendant was appearing through counsel. The reporter's transcript for this date shows the purpose of the hearing was to select a new date for the preliminary hearing. On October 27, 2020, a minute order noted defendant did not appear for the preliminary hearing, resulting in the court vacating that hearing. A warrant was also issued at that time, and defendant's bail was declared forfeited. The court file contains a notice of forfeiture with a certificate of mailing signed by the clerk of the trial court on October 30, 2020.

On June 14, 2021, the court granted U.S. Fire's motion to extend time on the forfeiture through December 13, 2021. A second motion to extend time on the bond forfeiture was filed, citing the COVID-19 pandemic, but was not decided until April 14, 2022, when it was denied. Thereafter, on April 20, 2022, the clerk of the court mailed a notice of summary judgment to the bail agent and to U.S. Fire.

On May 23, 2022, U.S. Fire filed a motion to set aside the summary judgment, to vacate the forfeiture, and to exonerate the bail. After briefing was completed, the trial court denied the motion on August 4, 2022. U.S. Fire then filed a timely notice of appeal on September 19, 2022.

## DISCUSSION

The only challenge U.S. Fire raises in this appeal is that the trial court was without the authority to declare defendant's bond forfeited on October 27, 2020. U.S. Fire contends the trial court failed to declare a forfeiture following an earlier hearing, and as a result, the court lost its ability to declare a forfeiture. While this issue appears to be purely one of law based on how statutes governing forfeiture are interpreted, our analysis

4.

must also include a review of the actual status of each hearing held before October 27, 2020.

## I.	The Standard of Review

We review the trial court's ruling on the forfeiture of the bond using an abuse of discretion standard.  (*People v. Accredited Surety & Casualty Co.* (2016) 3 Cal.App.5th 1180, 1184.)  However, " '[w]hen the appellate court is deciding only legal issues, … such as jurisdictional questions and matters of statutory interpretation, the abuse of discretion standard does not apply.  [Citation.]  When the facts are undisputed and only legal issues are involved, appellate courts conduct an independent review.' " (*People v. The North River Ins. Co.* (2018) 31 Cal.App.5th 797, 804.)

Our Supreme Court has confirmed that the abuse of discretion standard is not absolute, requiring different standards "according to the aspect of a trial court's ruling under review." (*People v. Accredited Surety & Casualty Co.*, *supra*, 3 Cal.App.5th at p. 1184.)  Therefore, a " 'trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Ibid.*, citing *County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 543.)

## II.	The Forfeiture of the Bond

When a bond is forfeited and "[i]f the forfeiture has not been set aside by the end of the appearance period, inclusive of any extension, 'the court which has declared the forfeiture shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound.' " (*People v. The North River Ins. Co.* (2020) 53 Cal.App.5th 559, 563, 267.)  Pursuant to section 1305:

> "(a)(1) A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following:  [¶] (A) Arraignment[;] [¶] (B) Trial[;] [¶] (C) Judgment[;] [¶] (D) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully

5.

required[;] [¶] (E) To surrender himself or herself in execution of the judgment after appeal."

Relevant to our review here is another provision allowing a defendant to appear in court, in some instances, only through counsel. (See § 977.) U.S. Fire cites several hearing dates when defendant was not physically present in court to argue the court lost its ability to declare a forfeiture of the bond on October 22, 2020, by not declaring the forfeiture earlier.

Under section 977, subdivision (b)(1), in cases where a defendant is charged with a felony:

> "[T]he accused shall be physically present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be physically or remotely present at all other proceedings unless they waive their right to be physically or remotely present, with leave of court and with approval by defendant's counsel."

Case law has interpreted the interplay of these statutes as reflecting "the Legislature's concern that the felony defendant be present at case-related proceedings that occur in open court. Likewise, with respect to 'all other proceedings' at which the defendant seeks to be absent, the standard waiver form set out in section 977, subdivision (b)(2) contemplates a situation where a defendant is absent from *court*." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 716.)

At the core of U.S. Fire's challenge here is the general proposition that if a "court fails to declare a forfeiture *at the time* of the defendant's unexcused absence, it is without jurisdiction to do so later." (*People v. Safety National Casualty Corp.*, *supra*, 62 Cal.4th at p. 710.) However, this general proposition is not strictly construed and finds some relief in section 1305.1 which provides:

> "If the defendant fails to appear … upon any … occasion when his or her appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue

the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant."

The record in this case shows that on July 29, 2019, defendant was present in court and entered a section 977 waiver at that time.[4] U.S. Fire argues in its opening brief that on September 6, 2019, October 22, 2019, January 21, 2020, and September 17, 2020, the minutes reflect defendant was ordered to be present on those days because the word "appear" was circled and the word "excused" was crossed off. Their position is that because the court ordered the defendant's presence, he was required to be actually present.[5] As a result, U.S. Fire argues his absence on those days triggered the requirement that the bond be declared forfeited. This argument fails to acknowledge the impact of section 977 and the ability of a defendant to appear through counsel alone unless the type of hearing involved is specifically listed in the statute as not subject to the waiver. (See also § 1305.1.) Furthermore, each minute order with a box checked indicating the defendant should appear also contains a checked boxing indicating a section 977 waiver was in place.

We further note the minute orders for those specific hearing dates also designated the hearings as either pretrial hearings or were dates for preliminary hearings that were vacated before an actual hearing occurred. For each instance where the minute order stated the next hearing would be a preliminary hearing, those hearings were continued and/or rescheduled because there was a request to investigate or because a designated courtroom was unavailable. Counsel for defendant was present for each of these hearings in compliance with the section 977 waiver, which was acknowledged in the minute orders

---

**4** We have not been provided a transcript of the hearing at which this section 977 waiver was accepted by the court. Therefore, we are limited in our ability to determine whether the waiver was properly accepted in open court by the judge.

**5** U.S. Fire appears to rely on the catch-all language in section 1305, subdivision (a)(1) stating a court may order a defendant to appear at other times "if [the defendant's] appearance is lawfully required."

issued for those dates. Until October 27, 2020, defendant had not technically violated any requirement to appear under section 977 or section 1305, by failing to appear at a hearing where his presence was legally required.

Even if we were to accept there was a factual dispute about the nature of the proceedings involved, we cannot conclude any of these earlier hearings required defendant's presence before October 27, 2020. " 'Because each case presents its own unique set of circumstances the issue whether the showing of excuse is sufficient is decided on a case-by-case basis. The determination whether an excuse is sufficient is a matter within the trial court's discretion.' " (*People v. Harco National Ins. Co.* (2005) 135 Cal.App.4th 931, 934.) Based on the record presented in this case, the only hearing before October 27, 2020, for which defendant's appearance could not potentially be waived under section 977 was the hearing scheduled on January 21, 2020, designated as a date for the preliminary hearing. However, before any preliminary hearing was initiated on that date, the court vacated the hearing due to the unavailability of a courtroom.

" 'The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail.' " (*People v. Bankers Insurance Company* (2021) 69 Cal.App.5th 473, 478.) For this reason, the requirements of sections 1305 and 1306[6] must be strictly construed. (*Ibid*.) " '[T]he public interest … prefers the appearance of a defendant rather than a monetary penalty.' " (*Id*. at p. 479.)

Our review of the factual record and our de novo review of the applicable statutes governing the forfeiture of a bond leads us to conclude the October 27, 2020 hearing presented the first instance for the trial court to declare a forfeiture of defendant's bond. The trial court's application of the laws governing bonds to the record before it was not arbitrary or capricious, and therefore, we find no error.

---

[6]    Section 1306 concerns the requirements to enforce a forfeiture through a summary judgment.

8.

**A.** **The Reporter's Transcripts Do Not Show Defendant Was Ordered to Appear for Hearings Beyond Those Required by Section 977**

U.S. Fire also argues in its opening brief that a court may require a defendant to appear at a hearing despite the existence of a section 977 waiver. U.S. Fire believes this occurred here because of the check mark on the minute orders for September 6, 2019, October 22, 2019, January 21, 2020, and September 17, 2020, which indicate defendant was ordered to appear. However, a complete review of the record, including the reporter's transcripts for those dates, shows the court never stated during any of the hearings that defendant was required to appear despite the section 977 waiver. In fact, for each hearing listed by U.S. Fire as problematic, the court noted at the beginning of the hearing that defendant was "permissively not present" or was not present, but that a section 977 waiver was on file.

Where there is a conflict between the minute order issued by the court and the actual ruling made by the court as reflected in a reporter's transcript, courts have stated the conflict should be harmonized if possible. (*People v. Accredited Surety & Casualty Co.* (2019) 34 Cal.App.5th 891, 900.) But if that is not possible, the record that prevails is the one based on a consideration of " 'its origin and nature or otherwise, [and] is entitled to greater credence.' " (*Ibid.*) A determination of which record prevails must, therefore, depend upon the circumstances of each particular case. (*Ibid.*)

The record in this case reveals that each minute order issued either setting a date for a hearing, or continuing a hearing date, included a checked box indicating defendant was ordered to appear at the next hearing, regardless of what the hearing concerned. However, in none of the transcripts that are part of the record here does the trial court state, on the record, that defendant is ordered to appear at the next hearing. Furthermore, at the beginning of most hearings, the court stated defendant is "permissively not present." In the only hearing the court does not make that statement, the court notes that defendant is not present, but that a section 977 waiver is on file. Under these

9.

circumstances, we believe the reporter's transcript offers the most accurate record on whether defendant was required to be present at the subject hearings.

## **DISPOSITION**

The judgment is affirmed.  Respondent is awarded costs on appeal.