Filed 6/16/25  P. v. Financial Casualty & Surety CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>    Defendant and Appellant. | D085170<br><br><br><br>(Super. Ct. No. RIF1904021) |

APPEAL from an order of the Superior Court of Riverside County, Samah Shouka, Judge.  Affirmed.

John Mark Rorabaugh for Defendant and Appellant.

Minh C. Tran, County Counsel, and G. Ross Trindle III, Chief Assistant County Counsel, for Plaintiff and Respondent.

Financial Casualty & Surety, Inc. (FCS) appeals the order denying its motion to vacate the forfeiture of a bail bond it had posted in a criminal proceeding against Andres Rivera.  FCS contends the trial court lost jurisdiction to forfeit the bond because it did not do so on earlier occasions on which Rivera had failed to appear in court.  We disagree and affirm the order.

# I.

# BACKGROUND

FCS posted a bail bond to guarantee Rivera's presence for trial on felony charges and to secure his pretrial release from custody.

On May 9, 2023, at 8:30 a.m., the date and time set for trial, the prosecutor, Rivera, and his counsel appeared in the trial court and announced they were ready for trial. No courtroom was available for trial that day. The court trailed the matter to May 11, authorized Rivera's counsel to appear by telephone that morning, and advised him he had to be able to arrive at court by 1:30 p.m. if the court assigned a courtroom. The court stated Rivera did not have to be in court in the morning, but had to be able to be there by 1:30 p.m.

On the morning of May 11, 2023, the prosecutor appeared in court and Rivera's counsel appeared by videoconference. Rivera did not appear, but the court's minutes state counsel appeared for him pursuant to Penal Code section 977.[1] The prosecutor and Rivera's counsel announced they were ready for trial. The court again had no courtroom available and trailed the matter to May 15. When Rivera's counsel asked the court whether his in-person appearance was required, the court answered, "You can appear -- the same rules apply. If you can be here by 1:30, that's fine. You can appear on the [videoconference] platform." Counsel said, "That will be fine with me, Your Honor," and, "I'll have my client there too."

The prosecutor appeared in person and Rivera's counsel appeared by videoconference on the morning of May 15, 2023, and both again announced

---

[1]     Penal Code section 977, subdivision (b) specifies the portions of a felony proceeding in which the defendant may waive the right to be physically or remotely present and the manner for waiving the right. Subsequent undesignated section references are to the Penal Code.

they were ready for trial.  Rivera did not appear, but the court's minutes state counsel appeared for him pursuant to Penal Code section 977.  The court still had no courtroom available.  It trailed the matter to May 17, at 8:30 a.m.  The court stated, "Defense counsel is authorized to appear on the [videoconference] platform, but he and his client need to be able to report by no later than 1:30."  Rivera's counsel answered, "Yes, Your Honor."

On May 17, 2023, the prosecutor appeared in person and told the court she was ready for trial.  Rivera's counsel appeared by videoconference and told the court he had not heard from Rivera since May 11, Rivera had not "confirmed any of [the] appointments with the court," and his family had filed a missing person's report.  The court took the trial off calendar, issued a bench warrant for Rivera's arrest, and declared the bail bond forfeited.  The clerk mailed FCS notice of the forfeiture on the same day.

FCS filed a motion to vacate the forfeiture and to exonerate the bond.  It argued the trial court lost jurisdiction to declare a forfeiture by not doing so on May 11 or 15, 2023, dates on which FCS argued Rivera was required to appear for trial but did not appear and had no excuse for not doing so.  The People opposed the motion on the ground there was sufficient excuse for Rivera's nonappearance on May 11 and 15, because the trial court set availability of a courtroom as a condition for his appearance and that condition did not occur.  The trial court held a hearing, adopted the People's position, and denied the motion.

## II.

## DISCUSSION

FCS presents one question on this appeal:  "Did the [trial] court loose [*sic*] jurisdiction to forfeit bail when the court failed to forfeit bail when [Rivera] failed to appear in court for trial without sufficient excuse on May

3

11, 2023, and May 15, 2023?" FCS contends that because Rivera was legally required to appear on those dates and no excuse was provided for his failure to do so, the court was required to declare the bail bond forfeited on those dates and lost jurisdiction to do so when Rivera failed to appear on May 17. In support of that contention, FCS invokes the policy against forfeitures to urge a strict construction of section 1305 in favor of the surety to avoid harsh results. FCS asks us to reverse the trial court's order denying the motion to vacate the forfeiture and exonerate the bond, and to remand the matter with directions to the court to enter an order discharging the forfeiture and exonerating the bond.

A.    *Appealability and Standard of Review*

An order denying a motion to vacate a forfeiture and exonerate a bail bond is appealable. (*People v. International Fidelity Ins. Co.* (2017) 11 Cal.App.5th 456, 461; *People v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 151.) We ordinarily review such an order for abuse of discretion. (*People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 134; *People v. Accredited Surety & Casualty Co.* (2016) 3 Cal.App.5th 1180, 1184.) "When, however, the issue is one of statutory construction or contract interpretation, and the evidence is undisputed, we review the order de novo." (*International Fidelity Ins. Co.*, at p. 461; accord, *People v. Financial Casualty & Surety, Inc.* (2019) 39 Cal.App.5th 1213, 1219.)

B.    *Jurisdiction to Order Forfeiture of Bail Bond*

To decide whether the trial court erred in denying FCS's motion to vacate the forfeiture and exonerate the bail bond, we must decide whether the court had jurisdiction to declare the forfeiture when it did so. Because "forfeiture or exoneration of bail is an entirely statutory procedure" (*People v.*

4

*Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1293), we begin with the governing statute. Under section 1305, subdivision (a)(1), "[a] court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (A) Arraignment. [¶] (B) Trial. [¶] (C) Judgment. [¶] (D) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (E) To surrender himself or herself in execution of the judgment after appeal." The statute contains two "jurisdictional prerequisites" to forfeiture: (1) the defendant's nonappearance at an enumerated proceeding or on another occasion on which his appearance was lawfully required; and (2) the lack of a sufficient excuse for the nonappearance. (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 710.) If the court does not declare a forfeiture at the first unexcused absence of the defendant, it loses jurisdiction to do so later. (*Ibid.*; *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907; *People v. American Bankers Ins. Co.* (1989) 215 Cal.App.3d 1363, 1365–1366.) Thus, we must decide whether Rivera was required to appear on May 11 and 15, 2023, and, if so, whether there was sufficient excuse for his nonappearance.

1. *Requirement for appearance on May 11 and 15, 2023*

FCS contends Rivera was required to appear on May 11 and 15, 2023, because those were dates for trial on which the court had ordered him to appear. (See § 1305, subd. (a)(1)(B), (D).) We review this contention de novo, because it involves construction and application of a statute to undisputed facts (*People v. Financial Casualty & Surety, Inc., supra,* 39 Cal.App.5th at p. 1219), and reject it.

One of the events for which a defendant must appear in court to prevent forfeiture of a bail bond is "Trial." (§ 1305, subd. (a)(1)(B).) "The

word 'trial' includes 'all proceedings from the time when the parties are called to try their cases in court or from the time when issue is joined to the time of its final determination.' . . . The day set for the appearance in the master trial calendar department is the day for trial, whether it occurs or not." (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1553.) Rivera satisfied the requirement to appear for trial by personally appearing with counsel in the master trial calendar department on the day set for trial, May 9, 2023. Trial did not proceed on that day, however, because no courtroom was available. The trial court trailed the matter to May 11 and then to May 15, again because no courtroom was available. As to each date, the court ordered Rivera's counsel to appear at 8:30 a.m. and allowed him to do so by videoconference, and stated that Rivera did not have to appear at that time but that both Rivera and counsel had to be able to appear in court by 1:30 p.m. if a courtroom became available. Although Rivera's appearance in court was "lawfully required" on May 11 and 15 at 1:30 p.m. (§ 1305, subd. (a)(1)(D); see *People v. Safety National Casualty Corp., supra*, 62 Cal.4th at p. 710 [appearance is lawfully required when specific court order commands appearance at date and time certain]), his appearance was expressly conditioned on the availability of a courtroom. Since that condition did not occur, Rivera had no obligation to appear on either of those dates. (See Civ. Code, § 1436; *Magnus v. Jackson* (1973) 31 Cal.App.3d 399, 401.) "[A] forfeiture cannot be declared prior to the time a defendant was ordered to appear." (*People v. International Fidelity Ins. Co.* (2018) 20 Cal.App.5th 345, 372.)

2.      *Sufficient excuse for nonappearance on May 11 and 15, 2023*

FCS next contends the trial court had to forfeit the bail bond on May 11 and 15, 2023, because Rivera was required to appear in court on those dates

6

but failed to do so "without sufficient excuse." (§ 1305, subd. (a)(1).) We have already rejected the premise of this contention, namely, that Rivera was required to appear in court on those dates. Even were we to concede the premise, to prevail on appeal FCS would still have to show the trial court erred by finding he had sufficient excuse for not appearing. It has not done so.

Whether the circumstances of a particular case show a sufficient excuse for a defendant's nonappearance that would otherwise trigger a forfeiture is a decision that lies within the sound discretion of the trial court. (*People v. United Bonding Ins. Co., supra*, 5 Cal.3d at pp. 906–907; *People v. The North River Ins. Co.* (2020) 58 Cal.App.5th 300, 310.) We may reverse the decision only if it was "arbitrary and capricious" (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 712; accord, *People v. Accredited Surety & Casualty Co., supra*, 3 Cal.App.5th at p. 1184) or "exceeded the bounds of reason" (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478; accord, *People v. Lexington National Ins. Corp.* (2016) 1 Cal.App.5th 1144, 1147).

In this case, the trial court expressly excused Rivera from appearing in court on the mornings of May 11 and 15, 2023. Although trial was trailed to those dates, the court in the mornings was only going to assign a courtroom if one became available, and in that event trial would commence in the afternoon. Rivera could waive his right to be present in court on those mornings and appear through counsel, because no evidence was then going to be taken before the trier of fact. (See § 977, subd. (b)(1) [authorizing defendant's waiver of personal presence at trial except "during those portions of the trial when evidence is taken before the trier of fact"].) Indeed, the minutes for May 11 and 15 state, "Defense counsel appears for Defendant pursuant to 977 PC." Thus, as the court stated in denying FCS's motion to

7

vacate forfeiture and exonerate the bail bond, "There would be no reason to forfeit [the] bond at that time because [Rivera's] presence was excused by the [c]ourt." Based on the record, the court's ruling was not "arbitrary and capricious" (*Haraguchi v. Superior Court, supra*, 43 Cal.4th at p. 712) and did not "exceed[ ] the bounds of reason" (*Shamblin v. Brattain, supra*, 44 Cal.3d at p. 478). Hence, we must uphold it.

### 3. *Conclusion regarding jurisdiction to declare forfeiture of bail bond on May 11 and 15, 2023*

For the reasons discussed above, we conclude the two jurisdictional prerequisites to forfeiture of the bail bond—Rivera's nonappearance in court when his appearance was required and lack of a sufficient excuse for the nonappearance—were not satisfied on either May 11 or 15, 2023. (§ 1305, subd. (a)(1); *People v. Safety National Casualty Corp., supra*, 62 Cal.4th at p. 710.) The trial court therefore did not lose jurisdiction on either of those dates and could declare a forfeiture on May 17, 2023, when Rivera's counsel first informed the court he had lost contact with Rivera.

The opposite conclusion is not required by the policy considerations FCS raises. FCS reminds us a bail bond is intended to ensure a defendant's presence in court when required, and the statute authorizing forfeiture of the bond is not intended to generate revenue for the government or to punish the surety. (See, e.g., *People v. Wilcox* (1960) 53 Cal.2d 651, 656–657.) Because the law disfavors forfeiture, FCS argues, section 1305 must be "strictly construed in favor of the surety to avoid harsh results." (*People v. American Contractors Indemnity* (1999) 74 Cal.App.4th 1037, 1045.) "Although it is often said that section 1305 must be strictly construed 'in favor of the surety' [citation], the gravamen of the rule is that the forfeiture statutes are to be strictly construed *to avoid forfeiture* [citation]." (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 51.) The

8

construction that avoids forfeiture in this case is that Rivera's personal appearance in court for trial was not required under section 1305, subdivision (a)(1)(B) on May 11 or 15, 2023, because the trial court authorized him to appear through counsel in the mornings and the condition requiring his personal appearance in the afternoons (availability of a courtroom) did not occur. "To say that forfeiture was required even though [Rivera] was never required to appear [on May 11 or 15] turns [the] requirement of strict construction on its head in order to avoid the subsequent forfeiture which was mandated when [he] failed to appear [on May 17]. The statutory scheme cannot be manipulated in that manner, to require forfeiture when it is not strictly called for in order to avoid forfeiture when, on a later occasion, it is strictly called for. Moreover, a construction which requires forfeiture even though it is not strictly called for by the statute is not a construction 'in favor' of the surety." (*Ibid.*)

9

## DISPOSITION

The order is affirmed.  The People are awarded their costs on appeal.


                                        IRION, Acting P. J.

WE CONCUR:



DATO, J.



CASTILLO, J.